SMITH *et al. v.* THE CITY OF ATLANTA.

92 119
95 145

Private property cannot be taken for public use without just compensation being paid for the same. The building by a city of a sewer through a private lot necessarily takes and appropriates a portion of the property for the use of the public, and the same must be paid for, notwithstanding the fact that the market value of the lot may not be diminished by the building of the sewer. The verdict was contrary to the evidence, and the court erred in refusing a new trial.

May 22, 1893.

Complaint for damages. Before Judge WESTMORELAND. City court of Atlanta. October term, 1892.

R. J. JORDAN, for plaintiffs.

J. A. ANDERSON and FULTON COLVILLE, for defendant.

LUMPKIN, Justice.

The constitution provides that: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, §5024. It appeared in the present case that the city constructed through the property of the plaintiffs a permanent public sewer. This could not possibly be done without taking and appropriating a portion of the property itself. Land has "in its legal significance, an indefinite extent, upwards as well as downwards; . . . whatever is in a direct line between the surface of any land and the centre of the earth, belongs to the owner of the surface. . . . So that the word 'land' includes, not only the face of the earth, but everything under it, or over it." 2 Blackstone's Com. ch. 2, pp. 18, 19. All the earth removed belonged to the plaintiffs, and unquestionably, by the location of the sewer, they were deprived of the possession of the space it occupied, and could no longer use that space for any other purpose. It requires no argument to demonstrate the proposition, that however this sewer may have been constructed, whether above or below the surface of the plaintiffs' lot, they were thereby deprived of a portion of their property; and under the plain mandate of the constitution, they must be paid for it whatever it is worth.

The city set up as a defence that the market value of the land had not been diminished by the construction of the sewer, and the evidence tended strongly to support this contention. Be this as it may, however, the verdict was contrary to law, because nothing at all was allowed the plaintiffs for so much of their property as was actually taken and appropriated to the public use.

The declaration is loosely drawn, and does not clearly and distinctly allege the taking of the plaintiffs' property. It states that "the greatest source of income realized from said property is the sale of sand that would

accumulate in the branch which ran through said property, and for which [the plaintiffs had] ready sale," and that the building of the sewer has destroyed this source of income. The declaration also alleges damages by reason of the destruction of a valuable spring on the premises; and further, that the building of the sewer has diminished the market value of the property. The sum of the several items of damages alleged to have been occasioned is the amount sued for. Though the real gist of the plaintiffs' right of action is thus imperfectly set forth, no demurrer was filed to the declaration on the ground of insufficiency in this or in any other respect, and this being true, enough was alleged to show a taking and appropriation of a portion of the property in question, and a verdict in favor of the plaintiffs for some amount—certainly for at least nominal damages—was demanded by the evidence. *Judgment reversed.*