The City of Atlanta *v.* Hunnicutt & Payne.

1. Where a sewer within the limits of a city is constructed upon the land of a citizen, and, after its completion, an assessment is levied against him for his *pro rata* share of its cost as an abutting landowner, which assessment, upon demand by the city authorities, is duly paid, the jury, under such circumstances, upon the trial of an action to recover the value of the land appropriated in constructing the sewer, would be authorized to infer that the sewer was constructed by direction of the municipal authorities, and a motion for a nonsuit, upon the ground that it did not appear that such sewer was so constructed, was properly denied.

2. Where the charter of a municipal corporation permits one whose land has been appropriated without condemnation for the construction of a sewer to give notice and have his damages assessed according to a method provided by the charter, such remedy is merely cumulative, and the landowner, certainly in the absence of an express statutory provision to the contrary, may have his election either to adopt the statutory remedy of assessment or prosecute his action at law for the recovery of damages, and the mere failure of such owner to give notice of his claim for compensation will not amount to a waiver of his right, even though he may have known that his land was being so appropriated.

3. The servitude imposed upon private property by the construction of a public sewer thereon involves such an actual possession by the public of that portion of the land taken up by such sewer as excludes the owner from the occupancy thereof. For such an appropriation of his property to the public use an action accrues to the owner, and the measure of his damages is the value of the land so appropriated. In estimating such value, the fact that the owner could still apply the premises to any use not inconsistent with the servitude for sewer purposes may properly be considered by the jury.

4. While the charge of the court was not altogether as full and clear as it might have been, in distinguishing between the assessment of damages as for an appropriation of the fee, and the assessment of damages as for an appropriation for sewer purposes only, yet where the declaration alleged the appropriation of the land and the purpose thereof to be for the construction of sewers, and where the evidence shows both the value of the land and the extent of the appropriation, it is not at all probable the jury could have been misled by any supposed obscurity of statement by the trial judge, and inasmuch as the jury, upon inspection of the premises at the request of the defendant, returned a verdict which is in entire harmony with the preponderance of the testimony upon the amount

of damages, mere minor inaccuracies in the charge of the court will not require a reversal of the judgment refusing a new trial. December 4, 1894.

Complaint for damages, etc.   Before Judge WEST-MORELAND.   City court of Atlanta.   May term, 1894.

Hunnicutt & Payne sued the city for the value of land taken and damages to land by constructing a sewer through it, and obtained a verdict for $500, "as compensation for land appropriated, and no damages allowed." The motion for new trial made by defendant was overruled.   The motion was upon the ground that the court erred in refusing a nonsuit, which was moved for on the grounds: that it was not shown by the evidence, when the plaintiffs closed their case, that the sewer complained of was constructed by the defendant or under its authority, or that the land alleged to have been taken as the route or right of way of said sewer was taken by the defendant, or under its direction; that the plaintiffs' own testimony shows that after the construction of the sewer, to the construction of which they had made no objection, they voluntarily paid the amount of the assessment against their property on account of the construction of said sewer; and defendant contended that such voluntary payment of the assessment, when taken with the fact that the sewer was built through the plaintiffs' property with their knowledge and without objection on their part, and without any demand for an assessment or ascertainment of the value of the right of way or damages to their property, all of which was done before the act of 1889 (Acts, p. 956), under which the sewer was constructed, had been construed by the courts and held not to authorize the defendant to enter upon private property and construct sewers thereon and levy assessments upon the abutting private property, without first acquiring the right of way by purchase, condemnation or dedication, should be held to be such a waiver

by the plaintiffs of their right to payment for the strip of land in question as to amount to an estoppel, which would bar the right of the plaintiffs to recover in this action.

Also, that the verdict is contrary to the evidence and without evidence to support it, in that the testimony does not show that the defendant appropriated the strip of ground in question, or that it was done by its authority; that the verdict is contrary to the preponderance of the evidence on the subject of the value of the ground taken, and is excessive and out of proportion to the proved value of the ground taken; and that the court, throughout the charge, treated the property taken for the easement as a direct appropriation of the land and not as an easement, and in no place explained to the jury what an easement was and the kind of taking the defendant was guilty of in building this sewer through the plaintiffs' property.

Also, that the court charged the jury thus: "So, if you find from the evidence in this case, that the plaintiffs were at the time the owners and in possession of this real estate described, and that the defendant, the City of Atlanta, entered upon said property for the purpose of constructing a sewer and appropriated any part of it for that purpose, the plaintiffs would have a right to recover from the City of Atlanta the value of the property, whatever the proof shows that to be; by consent of counsel that value is to be fixed now; so you look to the evidence and determine, first, whether the City of Atlanta did appropriate any part of plaintiffs' property for that purpose for public use; and if so, how much, and how much is it worth, what is its value in the market now? Whatever the proof shows that to be, the plaintiffs would have a right to have a verdict for, without any deduction. In addition to the value of the property appropriated, the plaintiffs say that in

doing the work the balance of their property has been damaged." Alleged to be error, because misleading, and because it presents a different case from that made by defendant, virtually allowing the jury to find the value of this strip in fee and not as an easement; for while the taking of the land for sewer purposes is to a certain extent an appropriation of it, it is not an absolute taking or appropriation. Defendant contends, that from this charge the jury were authorized to find that the defendant absolutely took the strip and has a right to use it as a true owner in fee would; and that from the size of the verdict it seems the jury took this view of the case under the charge of the court.

The evidence as to the value of the property actually taken was extremely indefinite. One of the witnesses for the defendant testified, that with a sewer of the dimension of the sewer in question, a strip of land which would be necessary for the city to have an easement over, to go and come, and keep the sewer in repair, for safety, ought to be twenty feet wide, and that a strip twenty feet wide running 270 feet through plaintiffs' property (as this did) would be worth about $250. Another witness for defendant testified, that fair compensation for the use of such a strip, independently of the benefit or damage to the other property, the owner still being allowed to use it for every other purpose, would be some four or five hundred dollars. There was evidence for the plaintiffs that the property was worth $5,000 an acre. As to the land having been taken by defendant as right of way of the sewer, and as to voluntary payment of the assessment by plaintiffs, one of plaintiffs did not know what was being done until after it was done. The other plaintiff testified, that he knew nothing of it until a large part of the work had been done; that he saw a lot of men one morning very early, and went down to see what they

were doing; that he thinks the city marshal called on him to pay the assessment of $693.98, and he told the marshal he certainly would not pay it until he (witness) went before the council and saw what they would do; that for some cause he did not go, and the marshal levied, and that "they" issued a *fi. fa.* and served it and witness paid it. Plaintiffs introduced a receipt signed by the city marshal, to plaintiffs, dated April 4, 1893, for $693.40 " sewer, Orme St. ex."; and a plat and evidence showing that the sewer entered the property from Orme street near Pine, and ran across the property to Merritts avenue. What plea was interposed by the city does not appear.

J. A. ANDERSON and FULTON COLVILLE, for plaintiff in error. ARNOLD & ARNOLD, *contra.*

ATKINSON, Justice

The official report filed in this case sufficiently states the facts necessary to a proper understanding of the questions made.

1. We think the motion for a nonsuit was properly overruled. We think the testimony showed beyond serious controversy, both that the land alleged to have been taken as the route or right of way of the sewer in question was taken by the defendant, and that the same was appropriated under its direction. It was shown that this sewer was constructed by hands employed by the defendant's agents, and working under their direction. It was shown that for this identical sewer an assessment was levied against the landowners whose land was appropriated for their proportionate share of the cost of the sewer in question. It was shown that, upon a demand made by the duly authorized agent of the defendant, the landowners paid this assessment. So that, even if there were no affirmative evidence of the fact that the land in question was appropriated by the de-

fendant for the construction of this sewer, this subsequent assessment levied and this subsequent demand for the payment by the owners of the land of their proportionate share of the cost of this sewer affords the strongest possible inferential evidence of an appropriation by the defendant of the land in question for sewer purposes. Therefore, the refusal to grant the nonsuit upon the ground herein stated was correct.

2. The defendant moved a nonsuit upon the further ground, that the plaintiffs' own testimony showed that after the construction of the sewer they voluntarily paid the amount of the assessment against their property on account of the construction of the sewer, and made no objection to the construction thereof at the time it was being built. It was insisted that upon these facts the court was bound to presume conclusively that if the plaintiffs had a just demand for compensation by reason of the appropriation of their premises, they had abandoned their claim, and the courts should hold the plaintiffs estopped by their conduct. Estoppels are never favored by the law. They arise only in cases where parties upon the record make admissions adverse to their interest and upon which the courts have acted, or they arise in those cases where in dealings with each other one of the parties by his conduct has so induced another to act to his prejudice as that the latter will be seriously affected if the former be permitted to repudiate his act. The facts upon which these presumptions arise must be clearly proven. The property of a private citizen cannot be taken for a public use without just compensation being first paid. It is the right of a person whose land is being so appropriated to demand compensation in advance of appropriation, but the mere existence of this right cannot in any sense cause a failure to exercise the same to operate as a forfeiture of the right. The owner may well forego the payment in advance or the assess-

ment in advance of his damages, without forfeiting the right in an ordinary suit ultimately to recover the value of his premises thus appropriated. This right to the common law remedy for the recovery of damages for the wrongful appropriation of one's property is one that inheres in our very system of laws, and, unless the same be expressly superseded by some statutory enactment providing a special remedy, the latter will be presumed to be merely cumulative of the former, and the owner may have his election as to which remedy he will adopt. The city code of Atlanta provides: "That in case of any sewer or sewers or parts of the same being built or laid over or through private property, if the owner of such property claim damages for the occupation of said lands by such sewer and construction of the same thereon, such owner may, within thirty days after the adoption of an ordinance for the construction of the same thereon, give notice of such claim; but a failure to give such notice shall in no wise affect or prejudice the right of such owner to bring suit for damages sustained. But on giving notice of such claim for damages as aforesaid, assessors shall be appointed to assess damages to said land by reason or on account of the construction of any such sewer through or upon the same; said assessors to be appointed, notice given and their award made as in cases of property taken for opening, widening or straightening streets under the charter and laws of said city." Thus it will be seen, that not only does the act in question recognize the existence of the right to maintain the form of action instituted in this case, but expressly declares that the special remedy by assessment according to the method prescribed in that act shall in no manner operate against the plaintiffs' right to recover damages. The plaintiffs' right to recover damages would only be perfect when the appropriation was complete, and it cannot therefore in any just sense be

said that, because they did not object to the completion of the very work upon which their right of action would depend, they in consequence have no cause of action. We think the court properly refused the nonsuit upon this latter ground.

3-4. The construction of a sewer upon the land of another involves, to a certain extent, an appropriation of that land to the use of the public. It involves the appropriation of an easement in the premises, and the easement created by the act of appropriation may be of such a character as to amount to a practical appropriation of the fee. For the appropriation of his premises to this public use the owner is entitled to compensation in damages, and, under the city charter of Atlanta, if there be a corresponding advantage to his other property lying adjacent, such advantage, if capable of being estimated in money, may be set off against the damages allowed for injuries to his property resulting from the building of the sewer. As to the property actually appropriated and covered by the sewer, the owner would be entitled to have its value allowed without any deduction because of any supposed advantage to that particular piece of property. See *Smith* v. *City of Atlanta*, 92 *Ga.* 119. In the assessment of damages, however, it is appropriate that the jury should take into consideration the nature of the easement, the character of the occupancy, the extent of the appropriation; to consider whether or not, even though partially appropriated to the public use, it may not still be capable of being applied to the private advantage of the owner. All of these are considerations which should enter into and determine the jury in their assessment of damages. The charge of the court we think fairly submitted this question to the jury. The verdict is in perfect harmony with the preponderance of the sworn testimony in the case; and in addition thereto, we find from an inspection of

the record that, by consent of counsel for the respective parties, the jury went out, attended by a bailiff and chaperoned by some of the parties or their representatives, and made a careful examination of the premises, observed the extent of the appropriation of the land, estimated the damages and fixed them at the sum represented by the verdict in this case. So that, even if we were inclined to look critically into the question as to whether the damages are excessive, it would be impossible to reach an intelligent conclusion in regard thereto, this court being unable to say how far and to what extent the judgment of the jury was predicated upon what they saw rather than upon what they heard. We are fully persuaded that the verdict is right, that no error of law was committed upon the trial; and the judgment of the lower court is therefore                    *Affirmed.*