38326.   UNITED STATES FIDELITY & GUARANTY
COMPANY v. CAMPBELL DECORATING COMPANY.

Decided October 28, 1960—Rehearing denied
November 16, 1960.

*A. Mims Wilkinson, Jr.,* for plaintiff in error.
*Glenn Frick, Lokey & Bowden,* contra.

Nichols, Judge.   1.   The defendant relies on paragraph 11 of
the contract between the general contractor and the plaintiff,
the subcontractor, as authority for the position that the plain-
tiff has been paid the full amount due under the contract.   This

paragraph of the contract, typewritten on a printed form, was as follows: "11. In case of penalty being invoked general contractor reserves the right to charge this subcontract proportionate amount." The plaintiff contends that the quoted paragraph is too vague, indefinite, uncertain and wanting in particularity to be enforced.

Assuming, but not deciding, that the quoted paragraph gave the general contractor authority to deduct from the gross amount due the plaintiff under the contract a "proportionate amount" of any penalty incurred, did the contract give the general contractor the right to arbitrarily set such proportionate amount? If so, the clause is void under the majority opinion, prepared by Mr. Justice Head, in the case of *Gray v. Aiken,* 205 Ga. 649 (54 S. E. 2d 587). If the "proportionate amount" was not subject solely to the uncontrolled discretion of the general contractor then a question was presented for the trior of fact. The judge hearing the case without the intervention of a jury found for the plaintiff in a lesser amount than that sued for and his determination of the proper "proportionate amount" can not be said to be without some evidence to support it since the total contract price was shown, the amount of the plaintiff's subcontract, the amount of delay contended by the general contractor to have been caused by the plaintiff and other facts on which such "proportionate amount" could be determined. Accordingly, this contention of the defendant as to why the trial court erred in overruling its motion for new trial, on the usual general grounds only, is without merit.

2. The sole remaining question presented by the defendant is that the evidence demanded a finding of an accord and satisfaction.

The plaintiff received, through his attorney, a check from the general contractor signed by the general contractor and countersigned by an agent of the defendant in the amount of $8,626.34. At the same time a statement was furnished the plaintiff showing, in part:

"Balance due $10,124.34  
Less penalty    1,500.00  
_____  
$ 8,624.34"

The general contractor testified that such payment was made with the understanding that such was in full the balance due, and that the check given the plaintiff had a stub attached thereto showing that it was "payment in full" or words of similar import. The plaintiff testified that he did not remember any such "stub" but that if such a "stub" had been attached to the check he would have refused to cash it. The plaintiff's attorney, who actually received the check from the general contractor, testified that no "stub" was attached to the check, and that the check was received after he had informed the general contractor and the surety that suit would be filed for the balance due ($1,500). It was undisputed that the balance due, excluding any reference to the penalty, was $10,124.34, that of such amount $8,624.34 had been paid, and under the evidence, as shown above, a question of fact was presented as to whether the $8,624.34 had been received as the "balance due." The decision of the Supreme Court in the case of *Rivers v. Cole Corp.*, 209 Ga. 406 (73 S. E. 2d 196), adopting the dissent in *Sylvania Electric Products v. Electrical Wholesalers*, 198 Ga. 870 (33 S. E. 2d 5), relied on by the defendant is not applicable to the case sub judice, for in that case it was undisputed that the payment was accompanied by a statement "account paid in full." Here the "balance due" referred to in the statement given the plaintiff when it was tendered was the amount agreed to as being due without reference to the "penalty." In *American Associated Companies, Inc. v. Vaughan*, 213 Ga. 119, 121 (97 S. E. 2d 144), Mr. Justice Mobley, speaking for the Supreme Court, said: "Every payment upon an account does not amount to an accord and satisfaction of the whole account. It is only when the circumstances of a case bring it within the rule expressed in the dissent in the *Sylvania* case, supra, that an accord and satisfaction results from the payment of less than the amount due upon an indebtedness. Whether there had been an accord and satisfaction in this case was a question of fact for the jury under the record, and this question was properly submitted to their consideration." In light of what Glenn Frick, agent and attorney for plaintiff Campbell Decorating Company testified as to what the understanding was between Barwick, Simon-

ton and himself, at the time the payment was received: "As to whether they told me they were giving me this in part payment, they told me that was all they would pay me at that time, and we would have to litigate about the balance . . .", certainly this testimony of Frick was sufficient to take the case out from under the rule laid down in the dissent in *Sylvania Electric Products v. Electrical Wholesalers,* 198 Ga. 870, supra, and whether or not there had been an accord and satisfaction was a question for the trior of fact, and the judgment of the trial court, hearing the case without the intervention of a jury, was not without evidence to support it, and the judgment overruling the defendant's motion for new trial, based on the usual general grounds only, was not error.

*Judgment affirmed. Felton, C. J. and Bell, J., concur.*