38630.   MOODY v. TINER et al.

FRANKUM, Judge.   "When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance . . ." *Rivers v. Cole Corporation,* 209 Ga. 406 (73 S. E. 2d 196).   The undisputed facts in this case show that the plaintiffs, a co-partnership composed of a fa-

ther and son, had cultivated the defendant's land for several years under an oral agreement, under the terms of which the landlord furnished the land, fertilizer and seed, and paid one-half of the cost of picking peanuts grown thereon. The plaintiffs did the farming. It is undisputed that several years prior to 1958 the parties conformed to these terms. At the end of each year the parties agreed to another yearly agreement by the defendant asking the plaintiffs, "Do you want it [the farming agreement] another year or don't you?" The plaintiffs testified that there was nothing ever said about any change in the terms of the contract for the year 1958. It is also undisputed that the parties made a final settlement at the end of the harvest season to divide the profits after deduction for proper expenses. When the son went to the defendant's home to obtain the partnership share of the 1958 crop proceeds, the defendant stated that he didn't think he "ought to pay" one-half of the picking cost. The son testified: "Mrs. Moody was present while I was doing this figuring. He [the defendant] said he did not owe the picking and I did not figure it in. Mrs. Moody wrote out the check and I carried it home to my father. I think I told him I did not collect any peanut picking. I cashed the check and put the money in our account. The conversation that I recall about the peanut picking was that Mr. Moody said he did not think he ought to have to pay it. I did not argue with him. I did not tell him that it will be all right; I just told him to knock it off if he thought he did not owe it but I thought he did. I did not exactly tell him to knock it off, I just did not want to argue with him. I was in his house and did not want to argue with him." It is clear from the testimony that the parties were making a final settlement. When the defendant insisted that he did not owe for the "picking cost" and that such cost should not be figured into the final settlement, the plaintiff then acquiesced and stated, "I just told him to knock it off. . ." The evidence clearly shows that the parties understood the check was given in full settlement for the 1958 crop. Therefore, the acceptance of the check and retention of the proceeds thereof by the plaintiffs amounted to accord and satisfaction. At no time did the son testify that he "knocked off" the disputed portion for the time being or for future adjust-

ment between the defendant and the plaintiffs. See *U. S. Fidelity &c. Co. v. Campbell Decorating Co.*, 102 Ga. App. 694 (117 S. E. 2d 556). The testimony of the son shows he accepted the check with a tacit understanding that it represented all that the defendant owed the plaintiffs. The trial court erred in overruling the motion for a judgment notwithstanding the verdict. The judgment is reversed with direction that judgment be entered for the defendant in accordance with his motion for a directed verdict.

*Judgment reversed with direction. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED FEBRUARY 24, 1961.

*Phillip Sheffield,* for plaintiff in error.
*Stone & Stone, W. L. Stone,* contra.