104 Ga. App. 376 (1961)
121 S.E.2d 672
MOTOROLA COMMUNICATIONS & ELECTRONICS, INC.
v.
SOUTH GEORGIA NATURAL GAS COMPANY.
38998.
Court of Appeals of Georgia.
Decided September 14, 1961.
*378 Altman & Johnson, Billy G. Fallin, for plaintiff in error.
Alexander, Vann & Lilly, Heyward Vann, contra.
FRANKUM, Judge.
1. The sole question to be determined is whether the correspondence and acts of the respective parties, as reflected by the record in the instant case, constitute accord and satisfaction so as to bar the plaintiff's right to pursue an action for the purchase price of the radio equipment.
"When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance. . ." Rivers v. Cole Corp., 209 Ga. 406 (73 SE2d 196). As stated in Citizens & *379 Southern Bank v. Union Warehouse &c. Co., 157 Ga. 434, 453 (122 SE 327): "The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." While it is true that every payment made on an account does not constitute an accord and satisfaction of the whole account (see American Asso. Companies v. Vaughn, 213 Ga. 119, 97 SE2d 144; U. S. Fidelity &c. Co. v. Campbell Decorating Co., 102 Ga. App. 694, 117 SE2d 556), the payment to the plaintiff by the defendant, together with the accompanying letter, shows conclusively that the defendant was making a final payment of its indebtedness to the plaintiff. Implicit in the letter was the condition that the defendant would not be obligated to purchase the radio equipment if the plaintiff accepted the defendant's check.
Receipt of the defendant's letter and check was acknowledged by the plaintiff in a letter to the defendant's president which stated, in part, that the defendant's check in the amount of $2,215 was received, but that it "suffices to pay only that portion of your Company's indebtedness to Motorola Communications and Electronics, Inc., which arose as a result of the survey conducted on your behalf pursuant to your Purchase Order No. 1061, dated January 7, 1960. The check does not provide any consideration over that which you agreed to pay for the survey and cannot be accepted as any more than payment for said survey in accordance with your legal obligations with regard thereto." The plaintiff undertook to refuse the offer of settlement (while keeping the proceeds of such check) which effort was futile. As stated by Justice Duckworth (now Chief Justice) in his dissent in Sylvania Electric Products v. Electrical Wholesalers, 198 Ga. 870, 879 (33 SE2d 5), which was approved and adopted in Rivers v. Cole Corp., 209 Ga. 406, supra: "Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender."
*380 The plaintiff contends that if the letter and the acceptance of the check and the retention of the proceeds thereof by the plaintiff be construed as an accord and satisfaction, it settles the plaintiff's obligations concerning the survey only; that it does not affect the defendant's liability to the plaintiff for the purchase of the radio equipment. However, the terms of the defendant's letter do not support this contention. The letter not only states that the enclosed check was payment in full, but that the tender of the check "takes into consideration your agreement that we would owe you nothing on account of the two-way VHF radio system unless its performance proved satisfactory to us." The letter went further to state that the radio equipment had not proved satisfactory and the plaintiff was requested to remove the radio equipment at its earliest convenience. In other words, the letter had the effect of saying: "Here is a tender of a check representing payment in full of our indebtedness to you upon the condition that we do not owe you anything on the contract concerning the two-way radios." The import of this letter was to deal with the defendant's indebtedness to the plaintiff as a whole and not as correspondence concerning one particular contract. This construction is fortified by the fact that the plaintiff's letter, acknowledging receipt of the check, stated that the check only paid a "portion of your Company's indebtedness to the" plaintiff, and further stated: "The check does not provide any consideration over that which you agreed to pay for the survey and cannot be accepted as any more than payment for said survey . . ." The tenor of the plaintiff's letter is to treat the defendant's letter as referring to the entire indebtedness of the defendant and not as to one particular transaction or contract. This contention is without merit.
The plaintiff in its brief concedes that the first sentence of the defendant's letter "would indicate that the defendant was making full payment of all [its] indebtedness" to the plaintiff. However, plaintiff contends the remaining portion of the letter renders it ambiguous in that the payment for the radio equipment was excluded or excepted from the tender of the check as a settlement. (See U. S. Fidelity &c. Co. v. Campbell Decorating Co., 102 Ga. App. 694, supra.
*381 We do not agree. The second sentence of the defendant's letter affirmatively states that the tender takes into consideration that the defendant owes the plaintiff nothing for the radio equipment. It was included as part and parcel of the settlement of defendant's indebtedness to the plaintiff.
2. While it is our decision that the tender by the defendant and the acceptance by the plaintiff of the check in less amount than the total indebtedness amounted to an accord and satisfaction at the time the check was accepted, such accord and satisfaction may be rescinded by agreement, or waived by acts or conduct of a party thereto, whereby the debt would be restored to its original status. Dixie Belle Mills, Inc. v. Specialty Machine Co., 217 Ga. 104 (120 SE2d 771). It is undisputed that the defendant continued to make monthly payments for maintenance of the two-way radio equipment for a period of six months after the plaintiff had accepted and received the check aforesaid. The defendant's president, in response to the following question: "State whether or not the radio equipment . . . is still in use by the defendant," answered: "Not in satisfactory use." The above certainly intimated that the defendant was still using the equipment.
As already stated, one of the terms of defendant's letter was that the plaintiff take back the radio equipment which the defendant had stated was not operating satisfactorily. Implicit therein is that the defendant relinquished all claims and title to the radio equipment. While the plaintiff had a reasonable time to remove the equipment, the defendant could not continuously use the equipment as if such were its own. However, it should be stated that plaintiff's action in the instant case cannot be construed as one seeking recovery for the reasonable value of the use of the defendant's equipment after September 1, 1960, because neither the pleadings nor the evidence make such an issue.
Under the pleadings and evidence in this case there is a jury question as to whether the defendant waived its rights to insist upon accord and satisfaction.
As stated in Dixie Belle Mills, Inc. v. Specialty Machine Co., 217 Ga. 104, 111 supra: "Generally, where the testimony *382 is in conflict . . . it is a question for the jury as to whether or not a contract has been altered by a subsequent agreement. Cothran v. Brower, 75 Ga. 494. It has been held by the Supreme Court of Minnesota that parties to an accord and satisfaction may by a subsequent agreement rescind the same and restore the debt to its original status. Heavenrich v. Steele, 57 Minn. 221 (58 NW 982). In the present case the contentions made by counsel for the defendant . . . demonstrate that there was an issue under the evidence as to whether the defendant had waived its plea of accord and satisfaction by a subsequent payment, and the court properly submitted this issue to the jury." While in the instant case the payments were not upon the purchase price of the radio equipment, nevertheless, they were listed as payments for the maintenance thereof. Whether or not the maintenance payments were for the storage and protection of the equipment, the record is silent. Of course, under the summary judgment procedure the burden is upon the moving party to show that no material issue remains (see Caldwell v. Mayor &c. of Savannah, 101 Ga. App. 683, 115 SE2d 403; Scales v. Peevy, 103 Ga. App. 42, 118 SE2d 193) before judgment may be rendered for the movant so as to obviate the necessity of a jury trial. Accordingly, as the record now stands before this court, there is an issue as to whether the defendant repudiated, waived, or rescinded its benefit to an agreement of accord and satisfaction. Dixie Belle Mills, Inc. v. Specialty Machine Co., 217 Ga. 104, supra. The trial court erred in granting the summary judgment.
Judgment reversed. Townsend, P. J., and Jordan, J., concur.