43456. CHASTAIN FINANCE COMPANY v. SHERWOOD.

PANNELL, Judge. Chastain Finance Company brought suit against Robert E. Sherwood on a promissory note seeking recovery of principal, interest and attorney's fees. The defendant answered that he had paid the note sued upon (by renewal), and by amendment, unobjected to, a renewal note was attached to the petition. On the same day that the defendant filed a motion for summary judgment, attaching thereto an affidavit purporting to show an accord and satisfaction of the debt sued upon after the filing of this suit, the defendant filed a paper entitled in the cause stating: "Comes now the defendant, Robert E. Sherwood, and shows the court as follows: 1. That defendant has this day filed a motion for summary judgment in this court setting forth accord, satisfaction and settlement of the above styled action for $200, plus costs of court which have been tendered to plaintiff through his counsel and refused by same. 2. That defendant shows that he wishes to again tender said amount to plaintiff by depositing said sums in the registry of this court pending the order upon the motion for summary judgment. 3. Defendant further shows that he has been served interrogatories by plaintiff and that he requests that the court extend the time to answer or object to same pending the motion for summary judgment. Wherefore, defendant prays that this be allowed."

An order was entered thereon permitting the defendant to pay $200 plus costs into the registry of the court and granting

an extension of time within which to respond or to object to the interrogatories.

On hearing the motion for summary judgment based upon the alleged accord and satisfaction, the court granted the defendant's motion for summary judgment. The plaintiff appealed. *Held:*

1. The paper filed by the defendant was not denominated an amendment to his answer nor was it allowed as such, and even if allowed as such did not purport to, nor did it, set forth a plea of accord and satisfaction.

2. There being no plea of accord and satisfaction, which is required to be specially pleaded (*Pullen v. Moore*, 83 Ga. App. 803 (64 SE2d 695); Sec. 8 (c) of the Georgia Civil Practice Act, Ga. L. 1966, pp. 609, 619, as amended), the affidavit and evidence purportedly establishing the same presents no undisputed facts on a genuine issue for the reason that the defendant did not plead the same. Accordingly, the trial court erred in granting summary judgment for the defendant. See *Standard Acc. Ins. Co. v. Ingalls Iron Works*, 109 Ga. App. 574 (136 SE2d 505).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

Submitted February 7, 1968—Decided April 1, 1968.

*Marvin P. Nodvin, Adalbert Freedman*, for appellant.

*Kanes, Benator, Lambros & Emerson, Nick G. Lambros*, for appellee.