46135. CATALINA, INC. v. WOODWARD.

QUILLIAN, Judge. The appellee filed a claim against the appellant seeking to recover a sum allegedly due him for commission for goods sold while he was employed by the appellant. The appellant filed a motion for summary judgment which was overruled. The appellant appealed and the case is here for review. *Held:*

1. The appellee argued in the trial court that the motion for summary judgment should be overruled because it was based on accord and satisfaction which had not been specially pleaded as required by *Code Ann.* § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). In support of this position he cites *Chastain Finance Co. v. Sherwood,* 117 Ga. App. 556, 557 (161 SE2d 401). The appellant argues that this position is not sound and cites *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342, 345 (173 SE2d 723), which states: "While State Farm did not file a plea of accord and satisfaction as might have been done and as is generally required under *Code Ann.* § 81A-108 (c) by the filing of a special plea setting that up as an affirmative defense, it did raise the issue in its written motion to strike, and it was raised by the evidence presented in connection with the motion for summary judgment. Our rule in this respect is the same as that under Federal Rule 8 (c), concerning which Professor Moore asserts: 'Rule 8 (c) might seem to imply that affirmative defenses may be raised only by a pleading (where one is required or permitted) and not otherwise. This, however, is too narrow a construction of the rule. A defendant may move for summary judgment under Rule 56 where "there is no genuine issue as to any material fact" and he "is entitled to a judgment as a matter of law"; and it is

clear that summary judgment is proper where the defendant shows the existence of an affirmative defense even though he has filed no answer. Under the 1946 amendment to Rule 12 (b), it is also made clear that a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim; and that the court may treat such a motion as a motion for summary judgment. . . By analogizing the motion to a motion for summary judgment, however, the amended Rule 12 (b) clearly permits affirmative defenses to be raised by motion.' 2A Moore's Federal Practice (2d Ed.), p. 1863, § 8.28. Accord: Butcher v. United Electric Coal Co., 174 F2d 1003, 1005." See also *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (162 SE2d 793).

It is our opinion that the position taken in the *Phillips* case is sound and anything held to the contrary in *Chastain Finance Co. v. Sherwood,* 117 Ga. App. 556, supra, is hereby disapproved.

2. The evidence on summary judgment shows that the appellee received a check and a letter from the appellant which stated that the check was "in final settlement of your account." This evidence being undisputed, accord and satisfaction was proved and it was error not to grant the appellant's motion for summary judgment. See *Motorola Communications &c., Inc., v. South Ga. Nat. Gas Co.,* 104 Ga. App. 376 (121 SE2d 672); *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196).

*Judgment reversed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Deen and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED APRIL 7, 1971—DECIDED JUNE 14, 1971.

Action for commissions. Fulton Civil Court. Before Judge Bradford.

*Hopkins & Gresham, Thomas P. Gresham,* for appellant.

PANNELL, Judge, dissenting. The case of *Chastain Finance Co. v. Sherwood,* 117 Ga. App. 556 (161 SE2d 401), authored by the writer for the court, followed *Standard Acc. Ins. Co. v. Ingalls Iron Works,* 109 Ga. App. 574 (136 SE2d 505), also a summary judgment case. At the time of the decision in *Standard Acc. Ins. Co. v. Ingalls Iron Works,* supra (April 15, 1964), this State had already adopted the summary judgment procedure patterned after

the federal rules, the very same rules which were held in *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342 (2a) (173 SE2d 723) to authorize the submission of evidence of an accord and satisfaction without previous pleadings, contrary to the above two cases. There is nothing in the summary judgment rules in existence on April 15, 1964, and those now in existence which would authorize a different interpretation. It seems that in *Phillips v. State Farm Mut. Auto. Ins. Co.*, supra, we discovered some federal cases interpreting federal court rules differently from what we had interpreted similar rules adopted by statute in this State. When *Standard Acc. Ins. Co. v. Ingalls Iron Works*, supra, was decided all defenses "in satisfaction or avoidance must be specially pleaded." *Code* § 81-307. In the Georgia Civil Practice Act (Ga. L. 1966, p. 609 et seq.), by which we adopted some additional rules with substantially the same language as the federal rules in great part, it was provided (Section 8 (c); *Code Ann.* § 81A-108 (c)): "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction." There is nothing in the language of Paragraph 8 (c) which changes the law of Code § 81-307 insofar as pleading accord and satisfaction is concerned. Where then is the difference in the law that now calls for a different interpretation? The authority we cited in *Phillips v. State Farm Mut. Auto. Ins. Co.*, supra, is quotations from Moore's Federal Practice and federal cases. I do not deny that the federal courts have fairly consistently followed the ruling in *Phillips v. State Farm Mut. Auto. Ins. Co.*, supra. But this court as early as April 15, 1964, followed as late as April 1, 1968, ruled differently, based upon what I consider a proper construction of our rules. I have no particular objection to following the federal cases as we did in *Phillips v. State Farm Mut. Auto. Ins. Co.*, supra, but I see no need to change and disrupt what apparently has been the settled law of this State for six years under our summary judgment procedure. One rule should be followed.

In this connection, I think it might be advisable to call attention to some of the underlying differences between the federal rules and our rules which no doubt prompted the rulings by some of the federal courts. The first is that the federal rules are court-made rules, while our rules are rules that are made by legislative

enactment. The second is that under the federal rules no amendment can be made as a matter of right after certain designated times have elapsed, whereas under our rules, we can now amend without the necessity of any order of the court. We might compare these two rules:

"(A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Federal Rules of Civil Procedure, Rule 15 (a). Section 15 (a) of the Ga. Civil Practice Act *(Code Ann.* § 81A-115) provides: "(a) Amendments. Except as otherwise provided, a party may amend his pleading as a matter of course at any time, without leave of court." With the freedom of amendment allowed in Georgia, there is no reason why parties should not comply with the rules. The lack of liberality in the filing of amendments under the federal rules no doubt had some bearing on the trend of the federal cases in the matter now under consideration. In view of the fact this court has been committed for six years to an interpretation of the rule as requiring such defense to be pleaded, and our liberality as to amendment, I believe the rule established first in *Standard Acc. Ins. Co. v. Ingalls Iron Works,* supra, is the sounder rule, and until it is overruled, must be followed.

EVANS, Judge, dissenting. I agree with Judge Pannell's dissent, and add the following thereto: This court has recently adopted two different theories respecting whether or not accord and satisfaction, and certain other similar affirmative defenses, must be pleaded before the pleader can obtain relief thereunder.

The first case is that of *Chastain Finance Co. v. Sherwood,* 117 Ga. App. 556 (161 SE2d 401) written by Judge Pannell, concurred in by Judges Jordan and Deen, decided April 1, 1968, and which holds that such defense must be pleaded. The second is that of *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (2a) (173 SE2d 723) written by Judge Eberhardt, concurred in by

Judges Jordan and Pannell, dated March 6, 1970, which holds that such defense may be raised for the first time in a motion for summary judgment.

Both of these decisions were rendered subsequent to enactment of our summary judgment law, and are obviously in conflict with each other. Under the rule of stare decisis (see *Hartley v. Nash,* 157 Ga. 402, 405 (121 SE 295)) I feel that we are bound by the oldest decision rendered subsequent to enactment of the new law on summary judgments. I therefore concur in Judge Pannell's dissent.

It seems to me that a full court should overrule one or the other of these two conflicting decisions. If *Chastain,* supra, should be overruled, I would be willing to vote for Judge Quillian's majority opinion.