## 47888. GORDY CONSTRUCTION COMPANY v. KHM DEVELOPMENT COMPANY, INC. et al.
## 47889. BOARD OF COMMISSIONERS, RICHMOND COUNTY v. KHM DEVELOPMENT COMPANY, INC. et al.

EVANS, Judge. KHM Development Co., Inc. sued Richmond County, Richmond County Water and Sewerage System and Gordy Construction Company as joint and several defendants for damages to it arising out of the construction of a sewer line across plaintiff's property. Plaintiff alleged that defendant Richmond County Water and Sewerage System acted as agent, servant and employee of the defendant Richmond County, Georgia, within the scope and course of its employment; that defendant Gordy Construction Company, acted as a sub-agent, servant and employee of the defendant Richmond County, and as the agent, servant and employee of the defendant, Richmond County Water and Sewerage System. Plaintiff alleged that in the course of said operation defendants graded, excavated and installed sewerage pipe and a sewerage system across the property of the plaintiff, although none of the defendants had any easements, estate, or right of any kind as to plaintiff's property. Plaintiff further alleged that Gordy, upon the completion of the installation of the sewerage system, abandoned the property, leaving excavated earth materials, debris and work products strewn and deposited across the property of plaintiff, and left pipe and concrete structures on parts of the sewerage system protruding to the height of several feet, all of which constituted a trespass on and to the property of plaintiff. Plaintiff alleged further that the acts and omissions of the defendants constitute a trespass, in that said acts are an unlawful interference with plaintiff's enjoyment of its private property; and that said acts constitute the taking and damaging of

plaintiff's property for public purposes without just and adequate compensation being first paid, in violation of plaintiff's rights under the Constitution of Georgia. Plaintiffs further alleged that said acts of trespass, taking and damaging, were wilful, wanton and with utter disregard of the consequences to plaintiff; that defendants acted in bad faith, and have been stubbornly litigious and have caused plaintiff unnecessary trouble and expense, for all of which plaintiffs pray damages in a stated amount, besides reasonable and necessary attorney fees.

Defendants filed separate answers, generally denying the material allegations of the complaint. Gordy also contended in its answer that everything it did was under the direction of Richmond County and Richmond County Water and Sewerage System. It admitted that it left certain pipe and concrete structures above ground, which were manholes, and that it excavated and installed pipe in the areas designated by the other defendants. Gordy further contended that as a nonresident of Richmond County the court lacks jurisdiction over it, in that plaintiff had not complied with the law relating to limitations of actions, and is barred from maintaining such action against Richmond County, and if barred as to Richmond County, plaintiff is also barred as to Gordy, as a nonresident. Gordy also brought a third party complaint, styled a cross claim, alleging that the other defendants are liable to Gordy for all sums which plaintiff recovers from Gordy, including costs and expenses, and reasonable attorney fees in defending plaintiff's action.

All parties moved separately for summary judgment, premised on the pleadings, interrogatories and various affidavits. Summary judgment was granted in plaintiff's favor against defendants as to all material facts except on the question of damages. Summary judgment was denied to each defendant.

In Case No. 47888 Gordy appeals from the order granting summary judgment to plaintiff and from the order denying Gordy's motion for summary judgment, as well as from an earlier order denying its motion to dismiss the complaint.

In Case No. 47889 the other two defendants appeal from the grant of summary judgment to the plaintiff and from denial of summary judgment to each of said two defendants. *Held:*

1. Each of the three defendants admitted in their answers to complaint that Richmond County Water and Sewerage System acted as agent, servant and employee of defendant, Richmond County; and that Gordy Construction Company acted as sub-agent, agent, servant and employee of Richmond County at all times named in the complaint. The affidavit of Harry F. Zimmerman, submitted by Richmond County in support of its motion for summary judgment, makes very significant admissions against the three defendants. He swore therein that his firm was employed by Richmond County Water and Sewerage System to supervise the construction of the Butler Creek Sewer Line and that Gordy Construction Company performed the work between manhole 124 and manhole 128 on said job and that "the area between manhole 124 and manhole 128 includes the property, which is the subject matter of the above stated case." Under the status of the record, with no evidence of any title, easement, or other authority by the three defendants to go upon said lands of plaintiff, this in effect admitted the trespass as contended for by plaintiff.

2. Another significant admission on the part of Richmond County and Richmond County Water and Sewerage System is found in their answer to interrogatories served upon them by plaintiff, in the following language: "Q. Please state the date when defendant *trespassed* on plaintiff's property and what employees of defendant were involved in said *trespass.* . . . A. Date

of *trespass* of Gordy's surveyor, unknown . . . Dates of *trespass* by Gordy's Construction crew, 28 thru 30, July, 1969." (Emphasis supplied).

This is an absolute admission by these two defendants that their sub-agent, servant, agent and employee *trespassed upon plaintiff's property.* While Gordy did not admit the trespass, and sought to justify his presence and activities on plaintiff's property by contending there was an easement in existence, no easement was ever introduced into evidence or otherwise accounted for. And his two employers and principals admitted that he did trespass, and further, when Richmond County and Richmond County Water and Sewerage System were interrogated as to their authority for entry on the lands, their reply was: "On the normal assumption that their surveyor had stake[d] out the correct line," and without any contention that they had an easement or other authority for the wrongful entry.

3. The defendants failed to properly contest plaintiff's contention that they were trespassers on his lands, and admitted their entry was without authority and was wrongful.

4. The complaint set forth a good cause of action, and was not subject to motion to dismiss. Code § 23-1602 requires all claims against a county to be presented within 12 months after they accrue or become payable, or the same are barred. This is a defense which must be specially pleaded under Code Ann. § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230), or by a motion which shows the existence of this defense. *Phillips v. State Farm Mut. Automobile Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723); *Catalina Inc. v. Woodward,* 124 Ga. App. 26 (182 SE2d 921); *Chambers v. State,* 127 Ga. App. 196 (192 SE2d 916). Since Richmond County and Richmond County Water and Sewerage System failed to raise this defense they have waived said requirement.

But irrespective of the procedural question of a

defendant's being required to raise the issue of statute of limitation as an affirmative defense, same would not apply in this case because the pleadings and the evidence here show a continuous trespass from day to day due to the fact that the sewer line and its structures, both above and below the ground, wrongfully remain upon plaintiff's property without any authority whatever and without payment of any sum of money therefor. *Gabbett v. City of Atlanta,* 137 Ga. 180 (73 SE 372); *City Council of Augusta v. Marks,* 124 Ga. 365 (52 SE 539); *Vickers v. City of Fitzgerald,* 216 Ga. 476 (117 SE2d 316).

5. Gordy did contest the question of its having left debris, broken pipe, excavated materials, and work products upon plaintiff's lands, therefore, leaving this as an issue for the jury to determine.

6. The judgment of the lower court in denying the motions for summary judgment of each of the three defendants is affirmed; and the judgment granting the motion for summary judgment of the plaintiff is affirmed, except as to the question of whether Gordy left debris, broken pipe, etc. on plaintiff's lands, as set forth in Gordy's answer to interrogatories. The case is returned to the lower court for trial of the above issue of fact as to said debris, etc. being left on plaintiff's lands, with all other questions of fact having been determined in favor of plaintiff by the trial court's grant of its motion for summary judgment, and with question of damages to be determined by a jury in the lower court.

*Judgment affirmed in Case No. 47889; reversed in part and affirmed in part in Case No. 47888. Hall, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 5, 1973 — REHEARING DENIED MARCH 30; 1973 —

*Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr.,* for Gordy.

*Franklin H. Pierce, D. Landrum Harrison,* for Board of Commissioners.

*Sanders, Hester, Holley, Askin & Dye, William J. Williams, Otis F. Askin,* for appellees.