### 48368. GIANT PEANUT COMPANY v. CAROLINA CHEMICALS, INC.

PANNELL, Judge. Plaintiff, Carolina Chemicals, Inc., brought an

action on account against the defendant, Giant Peanut Company for the purchase price of various agricultural chemicals allegedly sold and delivered and accepted by the defendant. Defendant answered, denying all material allegations of the complaint. Plaintiff moved for a summary judgment in the amount of $10,550.95. On the hearing, plaintiff relied upon a discovery deposition of the president of the defendant company taken by the plaintiff, which related primarily to examination in reference to various invoices and delivery receipts, as to which the testimony of the defendant president was to a very great degree vague, indefinite, equivocal and evasive. In the deposition he also testified the balance of the account was not over $1,000, and that the agreement between the parties was to the effect that no payments on the account were due until defendant had collected from its customers that purchased the items sold by plaintiff to defendant. Plaintiff also relied upon an affidavit of its president and its delivery man as to the correctness of the invoices and delivery tickets, and the statement of account showing charges and credits. The defendant tendered in evidence the affidavit of its president reiterating the agreement that payment to the plaintiff was to be made when payment was received from defendant's customers, "less an agreed commission for the defendant," and that "all monies which defendant has received on said account has been turned over to the plaintiff. Several farmers have not paid defendant for products furnished by plaintiff which at present totals an approximate amount of $10,000." There was no evidence in denial of the existence of such agreement.

The trial judge granted the plaintiff's motion for summary judgment, basing his conclusions on (1) construction of the defendant president's testimony most strongly against the defendant relying on *Chandler v. Gately,* 119 Ga. App. 513, 519 (167 SE2d 697); and (2) on the ground that the "defensive assertion that the goods were not to be paid for until the defendant sold and collected for them, is in contravention of" Code § 109A-2—201 (1), relating to parol contracts of sale. *Held:*

1. All evidence and materials submitted on motion for summary judgment, including the testimony of the parties, must be construed most strongly against the movant (*Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65, 67 (183 SE2d 78) in which *Chandler v. Gately,* 119 Ga. App. 513 (3) was held to be "no longer . . .

binding authority on this court") insofar as the rulings therein relate to the construction of the testimony of the opposing party in a motion for summary judgment. If there be a conflict or contradiction in the testimony of the opposing party it must be construed in his favor, and such contradictions, at the most, may themselves create a conflict in the evidence as well as a question of credibility, which is solely for the jury. See *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Brown v. Sheffield,* 121 Ga. App. 383, 388 (173 SE2d 891).

2. Code § 109A-2—201 (1) does not prohibit the setting up, by parol, of the defendant's defense here asserted by its president's testimony as to when payments on the account became due. The contract of sale is asserted by the plaintiff in the action brought and admits that a contract exists; the testimony of the defendant president shows that a contract for sale exists. Code § 109A-2—201 (3 b) provides: "(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable. . . (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made. . ." The defense of the defendant here is based upon one of the terms of the contract of sale, and even if in parol, such term of the contract of sale may be proven once the contract itself is admitted. See 3 Bender's Uniform Commercial Code Service § 2.04[3], p. 2-44, and *Hale v. Higginbotham,* 228 Ga. 823, 826 (188 SE2d 515), both of which citations relate to Code § 109A-2—201 (3 b). See *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700, 707 (192 SE2d 400) where this court applied the above ruling and these authorities in a case involving the sale of securities under Code § 109A-8—319 (d) using similar language as the code section here involved. The plaintiff did not deny that this term of the contract of sale existed. Assuming, without deciding, that this defense should have been specially pleaded under Section 8 (c) of the Civil Practice Act (Code Ann. § 81A-108 (c)), this court has held, in the absence of objection to such evidence, that defenses required to be specially pleaded may be raised by evidence presented in connection with the motion for summary judgment. See *Catalina, Inc. v. Woodward,* 124 Ga. App. 26 (182 SE2d 921), a full court case disapproving a contrary ruling in *Chastain Finance Co. v. Sherwood,* 117 Ga. App. 556 (161 SE2d 401), which followed *Standard Accident Ins. Co. v. Ingalls Iron Works,* 109 Ga. App. 574 (136 SE2d 505).

3. Upon application of the above rules to the present case it appears that the amount of the indebtedness owed by the defendant, as well as whether or not it is now due are matters for jury determination. The trial court erred in granting the plaintiff's motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*
SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 25, 1973.

*Rembert C. Cravey,* for appellant.
*Jones & Rountree, George M. Rountree,* for appellee.