### 69111. DeKALB COUNTY v. DANIELS.
(329 SE2d 620)

BENHAM, Judge.

Appellee brought this action against DeKalb County, seeking just and adequate compensation for property which he alleged the county had taken for public purposes, and also seeking damages for diminution in value of the remainder of his property. The evidence showed that the county had built a sewer across property owned by appellee without obtaining an easement from him by purchase or condemnation. This appeal is from a judgment entered on a jury verdict awarding appellee $6,163 in damages and $3,000 for attorney fees.

1. In several enumerations of error, appellant contends that the evidence does not support the verdict. We disagree. The evidence showed a taking of appellee's property for a public purpose, the value of the property taken and damage done to the value of the remaining property. That evidence was sufficient. See *Smith v. City of Atlanta*, 92 Ga. 119 (17 SE 981) (1893).

2. The trial judge instructed the jury to find the value of the property as of the date of the trial. Appellant enumerates that instruction as error, citing *Wright v. MARTA*, 248 Ga. 372 (283 SE2d 466) (1981), for the proposition that the amount of just and adequate compensation is to be determined as of the date of the taking.

"The time at which the value of property taken for public purposes should be fixed is the time it is taken, or the right to take it is complete. It can not be taken until just and adequate compensation is 'first paid.' Tender is equivalent to payment, and the right to take private property for public purposes by one having the right of eminent domain never exists until compensation is either paid or ten-

dered." *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 464 (71 SE 903) (1911). This court held in *State Hwy. Dept. v. Wilson*, 98 Ga. App. 619, 625 (106 SE2d 544) (1958), as follows: "Since no payment or tender . . . had been made at the time of the trial and since under the Constitution there can be no taking until after payment or tender, the value of the property at the time of the trial was held to be the proper measure of recovery for the property owner." The present case was in the same posture at the time of trial, and there was no error in the trial court's instruction fixing the date of trial as the date on which value was to be determined. *Wright v. MARTA*, supra, is distinguishable from the present case because, in *Wright*, the condemnor followed the law pertaining to condemnation proceedings and the date of taking was not in question. In the present case, appellant went onto the property of appellee without authority and, as of the date of trial, had not paid or tendered to appellee any amount of compensation.

3. Appellant has argued that appellee's claim was barred by the 12-month statute of limitation for claims against a county or was at least limited to damages arising in the 12-month period immediately preceding the initiation of this action. Appellant's reliance on *Duffield v. DeKalb County*, 242 Ga. 432 (3) (249 SE2d 235) (1978), for that proposition is misplaced. In that case, there was no physical intrusion on the landowner's property. The case before us is more like *Gordy Constr. Co. v. KHM Dev. Co.*, 128 Ga. App. 648 (4) (197 SE2d 426) (1973), where this court held that the statute of limitation "would not apply in this case because the pleadings and the evidence here show a continuous trespass from day to day due to the fact that the sewer line and its structures, both above and below the ground, wrongfully remain upon plaintiff's property without any authority whatever and without payment of any sum of money therefor. [Cits.]"

4. During the trial, appellant offered into evidence a letter from appellee setting out the terms he would accept to "settle" his claim. The trial court sustained appellee's objection that the letter was an offer to compromise, which is made inadmissible by OCGA § 24-3-37. Appellant argues that the use of the word "settle" in the letter takes it outside the proscription of the statute.

"There is a distinction between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer to settle will be admissible while one made in an offer to compromise will not be admissible. [Cits.]" *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497 (1) (300 SE2d 328) (1983). In *Charter Mtg. Co.*, this court held that an unsolicited offer to settle for the full amount of the original claim was admissible. In the present case, it is clear from the record that the proffered letter was an offer to compromise a claim

which was still being disputed by the county. We have no hesitation in holding that the trial court's exclusion of the letter was correct.

Appellant suggests as an alternative argument that the letter was admissible to defend against appellee's claim of bad faith. That argument is controlled adversely to appellant by this court's ruling in *Voyager &c. Ins. Co. v. Colwell*, 166 Ga. App. 17 (4) (303 SE2d 152) (1983).

5. "Appellant . . . complains of the trial court's exclusion of certain documentary evidence. However, the proffered evidence has not been made part of the record, and we therefore have nothing to review. 'A basic rule of appellate procedure is that no appellate court can rule on the exclusion of evidence unless it is aware of what was excluded.' [Cits.]" *Cofer v. Turman*, 151 Ga. App. 72 (258 SE2d 922) (1979). Accordingly, appellant's 8th enumeration of error is without merit.

6. Appellant contends that the award of attorney fees was unauthorized because there was no evidence to support it and, citing *Housing Auth. &c. Atlanta v. Southern R. Co.*, 150 Ga. App. 4 (2) (256 SE2d 606) (1979), revd. on other grounds, 245 Ga. 229 (2) (264 SE2d 174) (1980), because attorney fees are not part of "just and adequate compensation."

As to the second argument, we recognize that the Supreme Court ruled in *DeKalb County v. Trustees, &c. Elks*, 242 Ga. 707 (251 SE2d 243) (1978), that attorney fees were not required as a part of the just and adequate compensation to which a landowner is entitled when private property is taken for public purposes. However, the Supreme Court concluded that opinion with the statement that a majority of that court does not oppose the award of attorney fees in eminent domain cases; they simply held that our Constitution does not require such an award as an element of just and adequate compensation. Id. at 709.

In *Taylor v. Ga. Power Co.*, 137 Ga. App. 44 (1) (222 SE2d 869) (1975), this court held that a condemnee, as a defendant in a condemnation case, could not take advantage of the provisions of OCGA § 13-6-11 (then Code Ann. § 20-1404) allowing the recovery of attorney fees for the stubborn litigiousness or bad faith of the other party. However, this court went on to note that "where the condemnee can leap the *versus* barrier [i.e., be a plaintiff] he may in a proper case, where the condemnor has proceeded in bad faith, recover his expenses of litigation." Id. at 46.

The appellee in the present case has presented just such a situation. He is the plaintiff in an action to recover from the government just and adequate compensation for the taking of his land for a public purpose. Furthermore, evidence was introduced that the county took appellee's property without following the legal procedures for such a

taking and then refused to pay compensation therefor when demand was made. Under those circumstances, we find no error in the award of attorney fees to appellee.

7. Appellant enumerates as error the trial court's instruction to the jury that the county had the burden of proof in this case. Although the condemning authority in an ordinary condemnation proceeding has the burden of proving the value of the property taken (*Ga. Power Co. v. Smith*, 94 Ga. App. 166 (3) (94 SE2d 48) (1956)), in a case such as this one, where the landowner is the plaintiff, the landowner has the burden of proving his damages. *Stansell & Rape Bros. v. City of McDonough*, 50 Ga. App. 234 (7) (177 SE 749) (1934).

"'As a general rule, it will not be held to be reversible error, in the absence of a timely and appropriate request, to omit to instruct the jury upon the burden of proof [cits.], although, if the court does charge the jury upon this subject, *it must do so correctly.*'" (Emphasis supplied.) *Hubert v. City of Marietta*, 224 Ga. 706, 710 (164 SE2d 832) (1968).

The trial court in this case did not "do so correctly." The charge was erroneous and the county objected to it. Considering the strenuous defense the county raised on the issue of damages, we cannot find that the error was harmless. The fact that the jury's verdict was less than that sought by appellee does not render the error harmless since that result could just as easily be seen as an indication that the jury found that the county did not carry its burden of proving its contention that the sewer enhanced the value of the remainder and, therefore, decided to award appellee damages in some amount. It is not the place of an appellate tribunal to second-guess a jury verdict. Accordingly, we hold that the trial court erred in denying appellant's motion for a new trial on this ground.

*Judgment reversed. Carley, Sognier, Pope, and Beasley, JJ., concur. Banke, C. J., Deen, P. J., McMurray, P. J., and Birdsong, P. J., dissent.*

BANKE, Chief Judge, dissenting.

While the court's charge on the burden of proof was perhaps technically erroneous, I do not believe that it could have harmed the county in anyway. The actual text of this portion of the charge is as follows: "[T]he effect of the pleadings is to put the burden of proof upon the plaintiff to prove by a preponderance of the evidence that the material allegations made by the plaintiff are true . . . However, in this case, I charge you that in a condemnation case, if you reach the point where you're considering the value of the property, the burden of proof is on the county . . . to prove the value of the property taken, and the value of any consequential damages, if any, of the remaining property."

Both sides presented expert testimony with regard to the value of the property taken and the damage to the remainder caused by the presence of the sewer line. The plaintiff's expert testified that the easement was worth $2,400 and that the remainder was damaged in the amount of $17,870, while the county's expert testified that the easement was worth only $1,100 and that the remainder was not damaged at all. (In fact, the county's expert testified that the presence of the sewer line benefited the remainder.) The jury awarded the plaintiff actual damages in the amount of $6,163.

The court's charge, taken as a whole, certainly did not give the false impression that the plaintiff's evidence was entitled to more weight than the county's; and, viewing the verdict in the light of the evidence presented, it is obvious to me that the alleged error had no effect on the outcome of the case. Perceiving no reasonable possibility that the error in question may have been harmful, I would affirm the judgment of the trial court.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Presiding Judge Birdsong, join in this dissent.

DECIDED MARCH 15, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*George P. Dillard, Richard W. Calhoun,* for appellant.
*E. T. Hendon, Jr., Edward E. Carriere, Jr.,* for appellee.