[Civ. No. 57623. Second Dist., Div. Three. Aug. 7, 1980.]

HERBERT JOHNSON, Plaintiff, v.
CAYMAN DEVELOPMENT COMPANY,
Defendant and Respondent;
ROYAL INDEMNITY COMPANY, Intervener and Appellant.

COUNSEL

Francis P. Licata and Mercer & Gallagher for Intervener and Appellant.

W. Michael Hartman, Marilyn Zalkowitz and Chase, Rotchford, Drukker & Bogust for Defendant and Respondent.

OPINION

KLEIN, P. J.—Plaintiff in intervention and appellant Royal Indemnity Company (Royal) appeals from a judgment disallowing it any recovery from defendant and respondent Cayman Development Company (Cayman).

INTRODUCTION AND STATEMENT OF FACTS[1]

This case arises out of an injury to plaintiff in the case in chief, Herbert Johnson (Johnson), who was employed as a plaster tender for Norpal Plastering, Inc. On April 17, 1974, Johnson was working on a job site where Cayman was the general contractor, and he fell while carrying a hod of plaster down a hill. Royal was the insurer for Norpal Plastering.

---

[1]Pursuant to rule 12(a) of the California Rules of Court, we have made the file in Los Angeles Superior Court case number SW C 30752 part of the record on appeal.

Subsequent to the accident, Johnson filed an application with the Workers' Compensation Appeals Board, and benefits totaling $22,538.90 were ultimately paid to Johnson by Royal.

Meanwhile, Johnson filed a third party action against various defendants, including Cayman. Royal intervened in the action to protect its lien rights.

Before the trial, Johnson purportedly settled with Cayman for $30,000. However, since no similar agreement could be arrived at between Royal and Cayman, Royal proceeded to try the lawsuit separately against Cayman.

At the trial, evidence was presented regarding the amount of benefits paid to Johnson and the physical injuries giving rise to the payments. The position and responsibilities of Cayman and Norpal Plastering were introduced and examined. The jury was eventually instructed based on comparative negligence principles. The jury thereafter determined that the value of Johnson's case if he had been participating in the trial would have been $150,000. Liability due to negligence was allocated as follows: Johnson-5 percent; Cayman-15 percent; Norpal Plastering-80 percent.

Based on the verdict and the application of principles set forth in *Arbaugh* v. *Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, at pages 508-509 [145 Cal.Rptr. 608], that the concurrently negligent employer (or its workers' compensation carrier) may receive reimbursement from the third party defendant only for the amount by which the employer's workers' compensation liability exceeds its proportional share of the employee's total tort damages, the trial court denied Royal any recovery on its lien. Judgment was entered and this appeal was taken.

## CONTENTION

Royal contends that the *Arbaugh* principles should not apply in the present particular fact situation, wherein Johnson had settled for a lesser amount than his actual damages and was not participating as a party at the trial, and Cayman did not have to bear the full burden of loss envisioned by the court in *Arbaugh*. As a consequence of this fact situation, an unfair procedural burden is placed upon an intervener and jury damages are merely speculative.

## DISPOSITION

Application of the *Arbaugh* principles to the instant case is mandated by case law and therefore the judgment is affirmed.

## DISCUSSION

The landmark case of *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal. Rptr. 369, 366 P.2d 641] has served as the foundation for third party lawsuits arising out of workers' compensation fact situations. The court therein stated that "whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right of reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee." (Citation.) (*Id.,* at p. 72.) "'It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer.' [Citations.]" (*Ibid.*)

However, the "all or nothing" rule of contributory negligence applied in *Witt* v. *Jackson, supra,* was replaced by comparative negligence principles in third party actions for the first time in the *Arbaugh* case. The court therein held that: "In this type of case, the third party tortfeasor should be required to reimburse the employer or his insurance carrier for compensation benefits paid only to the extent that such benefits have exceeded the proportionate share of damages attributable to the employer's negligence. Under this method of apportionment, the employer is liable for either the total amount of workers' compensation benefits paid or the difference between the third party's proportionate share of liability and the employee's total damages, whichever is less . . . . This approach is thus in accord with the concern shown by the court in *American Motorcycle* that the entire burden of a loss for which two or more defendants were responsible should not be shouldered by one alone. (*American Motorcycle Assn.* v. *Superior Court* . . . 20 [Cal.] 3d 578, 608 [146 Cal.Rptr. 182, 578 P.2d 899].) Furthermore, implementation of the above-described rule will not contravene the policies of the workers' compensation system: employer liability will still be limited to the payment of compensation benefits (Lab. Code, § 3601, subd. (a)), while the employer's incentive for maintaining safe working conditions will be reinforced (Lab. Code, § 6400 et seq.)." (*Arbaugh* v. *Procter & Gamble Mfg. Co., supra,* 80 Cal.App.3d 500, at pp. 508-509;

*Kramer* v. *Cedu Foundation, Inc.* (1979) 93 Cal.App.3d 1 [155 Cal. Rptr. 552].)

■ The trial court herein appropriately applied the *Arbaugh* formula, although the facts in the present case differed slightly therefrom, in that a settlement between Johnson and Cayman in the amount of $30,000 had been accomplished before the trial, admittedly a figure much less than the potential jury award of $150,000. Royal had paid Johnson compensation benefits totaling $22,538.90. The judgment recited "that Defendant Cayman's negligence was a proximate cause of 15% of Mr. Johnson's injury; that Mr. Johnson was negligent and his negligence was a proximate cause of 5% of his injury; that Plaintiff's employer, Norpal, was negligent and that their negligence was a proximate cause of 80% of Mr. Johnson's injury; the jury further found that Mr. Johnson's injury was $150,000. [¶] It appearing that by reason of those special verdicts,...that Plaintiff in Intervention, Royal Indemnity Company, recover nothing from Defendant, Cayman Development Company;..."

In the case of *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829 [150 Cal.Rptr. 888, 587 P.2d 684], the Supreme Court applied comparative negligence principles to a situation where plaintiff and a third party defendant had also settled prior to proceedings before the board. The plaintiff-employee brought suit against a third party which settled. Subsequent to the settlement, the employee sought a permanent disability award before the Workers' Compensation Appeals Board. The employer claimed a credit only in accordance with its comparative fault against its workers' compensation liability under Labor Code section 3861. The Supreme Court reversed the disallowance of the employer's claim of credit, concluding "that the concurrently negligent employer should receive either credit or reimbursement for the amount by which his compensation liability exceeds his proportional share of the injured employee's recovery," citing *Arbaugh* v. *Procter & Gamble Mfg. Co., supra,* 80 Cal.App.3d 500. (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 829, 842.)

In answer to the procedural complications inherent in its ruling, the court observed: "Although the application of comparative principles to employers' credit rights may indeed burden board proceedings to some extent by requiring more extensive *evidentiary presentations,* we do not agree that the problems posed thereby are so severe or so impervious to

amelioration as to render the methodology either unconstitutional or misguided." (Italics added.) (*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd., supra*, 22 Cal.3d 829, at p. 845.)

The court in *Associated* specifically rejected the formula proposed by Royal herein, that the workers' compensation lien or credit be reduced only by the percentage of the employer's negligence. With regard to such a formula, the court stated at pages 843-844: "Employer proposes that the board determine the employer's relative fault and reduce the amount of its credit by the percentage of negligence so determined. The employer could then take this reduced credit immediately, without regard to the magnitude of its prior contribution to the employee's recovery. Under this mechanistic application of *Li* [v. *Yellow Cab. Co.* (1975) 13 Cal.3d 804 (119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393)], a negligent employer that had made an insignificant contribution would have its already deficient contribution further reduced—a result clearly at odds with the premise that an employer should not be able to profit from its own wrong." (Fn. omitted.)

By way of analogy, we do not find "the application of comparative principles" to the fact situation before us so onerous as to create an unfair burden on an intervener in a superior court trial or render any jury damages merely speculative as contended by Royal.

■ The amount of damage sustained by a party need not be proved with the same degree of certainty as the fact of damage, but may be left to reasonable approximation or inference. (*Katenkamp v. Union Realty Co.* (1940) 36 Cal.App.2d 602, 618 [98 P.2d 239]; *Hutcherson v. Alexander* (1968) 264 Cal.App.2d 126, 135 [70 Cal.Rptr. 366, 38 A.L.R.3d 636].) The inquiry on appeal is whether the determination of damages is supported by substantial evidence, and the appellant has the burden of demonstrating error in the determination. (*City of Salinas v. Souza & McCue Construction Co.* (1967) 66 Cal.2d 217, 225 [57 Cal. Rptr. 337, 424 P.2d 921].) Royal has failed in its burden in this regard.

Nor can Royal be heard to complain that Johnson's settlement increased its burden of proof. ■ "In the event a third party is liable in whole or in part for the employee's injuries, the Labor Code provides the employer with three basic techniques for obtaining reimbursement from the third party for workers' compensation benefits the employer has paid or become obligated to pay: *the employer 'may bring an action directly against the third party (§ 3852),* join as a party plaintiff or in-

tervene in an action brought by the employee (§ 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees (§ 3856, subd. (b)).' [Citation.]" (Italics added.) (*Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd., supra*, 22 Cal.3d at p. 833.)

Under one of the remedies set forth above, the employer-carrier has the entire evidentiary burden from the very beginning.

Application of the *Arbaugh* principle and resulting formulas to the within case is supported by principles of comparative negligence, policy *favoring settlements*, and a consistency of policies underlying and supporting workers' compensation law.

The judgment is affirmed.

Allport, J., and Potter, J., concurred.