CARLTON and KATHERINE LINDGREN, Appellants

v.

ERNEST and MIRIAM BETHAM, Appellees

High Court of American Samoa
Appellate Division

AP No. 12-91

March 13, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, AFUOLA, Associate Judge, and MAILO, Associate Judge.

Counsel:　　　For Appellants, Togiola T.A. Tulafono
　　　　　　　For Appellees, Charles V. AlA'ilima

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

GOODWIN, J.:

Carlton and Katherine Lindgren appeal from the judgment and order of the District Court of American Samoa, in favor of Ernest and Miriam Betham, finding that the Lindgrens were month-to-month tenants who used a personal residence and a refrigerator in the residence for commercial purposes and that the Bethams, as landlords, were entitled to an increase in rent to reflect the fair market rental value as commercial property.

The Lindgrens had a written lease for a residence owned by the Bethams, which terminated by its own terms in 1988. The lease restricted the use of the premises to residential purposes. After the expiration of the lease the Lindgrens continued to rent the residence on a month-to-month basis on the same terms and conditions as the original lease. The rental of the residence included a refrigerator. Because they had their own refrigerator, the Lindgrens did not use the Betham refrigerator in the kitchen. The Lindgrens operated a retail business and restaurant close to the residence. At various times the Lindgrens stored some of the perishables from their businesses in the Betham-owned refrigerator, first at the residence, and later in a storage facility. In addition to the storage of perishables in the refrigerator, the Lindgrens stored a few boxes of inventory from their business in the back of the rented house.

In February 1990, the Bethams went to the residence to survey the damage to the premises caused by Hurricane Ofa. On February 10, 1990, the Bethams notified the Lindgrens in writing that their tenancy was terminated immediately and that the refrigerator should be returned to the premises. The Lindgrens sent a letter acknowledging the termination of the tenancy and indicated that they would leave the premises at the end of thirty (30) days. The Lindgrens also requested some compensation for material used to protect the house during the hurricane. The Bethams responded with another letter demanding compensation for commercial use of the residence in violation of the original lease agreement.

The Lindgrens filed a claim with the small claims court and were awarded one half of their deposit. The Bethams then filed this action. The trial judge found that the Lindgrens had breached the terms of the original agreement by the use of the house to store and sort inventory.

The court awarded the Bethams an additional $100 per month rental for the premises and $50 per month for the commercial use of the refrigerator for a term of twelve months. The judgment was for $1,800.00.

The Lindgrens raise four issues on appeal. (1) The evidence does not sustain a finding of a material breach of the restriction on the tenancy. (2) The evidence does not demonstrate a commercial use of the refrigerator. (3) Even if there was a breach, the evidence did not support a monetary award in excess of nominal damages. (4) The amount of the increased rent was arbitrary.

This court reverses the findings of the trial court only if they are clearly erroneous. Meusy v. Montgomery Ward Life Ins. Co., 943 F.2d 1097 (9th Cir. 1991); Temengil v. Trust Territory of the Pac. Islands, 881 F.2d 647, 649 (9th Cir. 1989), cert. denied, 496 U.S. 925 (1990). A finding is clearly erroneous when the entire record produces the definite and firm conviction that the court below made a mistake. Oxford Properties & Finance Ltd. v. Minor M. Engle, 943 F.2d 1150 (9th Cir. 1991); Miller v. United States, 587 F.2d 991, 994 (9th Cir. 1978).

The Lindgrens admitted that they occasionally used the premises to store and sort inventory for their business. Moreover, the trial court found that the Betham refrigerator was seen being returned to the premises soon after the Bethams sent a letter demanding that the refrigerator be returned. The Lindgrens argue that the prohibition against "commercial use" of the premises should not restrict a limited amount of commercial work within the premises and that the prohibition must be interpreted to reasonably accommodate the concerns of the landlord and the general right of the tenant to do as he pleases on the property. The Lindgrens do not cite authority for this creative interpretation of specific restrictions on the use of real property.

When presented with a violation of a restrictive covenant, courts are obligated to enforce the covenant unless the complaining party can show that enforcement would be inequitable or contrary to public policy. Hartford Elec. Light Co. v. Levitz, 376 A.2d 381 (Conn. 1977). Where there is no ambiguity the courts will ascertain and give effect to the intention of the parties. Gino's Pizza of East Hartford, Inc. v. Kaplan, 475 A.2d 305 (Conn. 1984); Hammonds v. Huddle House, Inc., 257 S.E.2d 508 (Ga. 1979).

When the language of the restrictive covenant is clear and unambiguous, the parties will be confined to the meaning of the language employed. Hays v. Ottis Watson, 466 S.W.2d 272 (Ark. 1971). The covenant contained in the Betham-Lindgren lease restricting the use of the premises to residential purposes only is not ambiguous. The Lindgrens had notice of the covenant and had within their control the ability to comply with the covenant.

The Lindgrens demonstrate nothing on appeal from which this court can determine that the trial court was clearly in error when it held that the restriction prohibited the Lindgrens from using the premises for anything other than residential purposes. The Lindgrens admitted that the premises were sometimes used for other than residential purposes. There was sufficient evidence to find that both the premises and the refrigerator were used contrary to the restrictive covenant.

The Bethams requested from the court an increase of $200 per month for the use of the premises and $100 per month for the commercial use of the refrigerator. However, counsel could direct this court to nothing in the record to support any specific liquidated damages figure.

Damages for breach of a lease or a covenant in a lease, if any, must be proved according to general principles which determine the measure of damages on claims arising from breaches of other kinds of contracts. The amount of damages sustained need not be proven to an exact certainty, but the figure cannot be left to guesswork or speculation. See Johnson v. Cayman Dev. Co., 108 Cal. App. 3d 977, 983, 167 Cal. Rptr. 29, 32 (1980).

In this case, a judgment of $1,800.00 might have been reasonable if the Bethams had offered any evidence of damages. The Lindgrens breached the covenant restricting the use of the premises to residential purposes. Some increase in rent could have been supported by evidence of a reasonable difference in value between residential and commercial use in the neighborhood. However, in the absence of some proof of damage the court is not free to estimate what might be fair based upon the court's own knowledge of the rental market. A judgment for a sum certain in money damages must be supported by some evidence in the record so a reviewing court will have something to review.

Given the circumstances of this case and the silence of the record on damages we are forced to conclude that the Bethams proved

only nominal damages. They are entitled to damages in the nominal sum of one dollar and their costs and disbursements in the trial court. No party is to recover costs on appeal.

AFFIRMED as modified.