21305. MITCHELL *et al.* v. CITY OF ATLANTA.

ARGUED JULY 11, 1961—DECIDED SEPTEMBER 8, 1961.

*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell,* for plaintiffs in error.

*J. C. Savage, Newell Edenfield, Nolan B. Harmon,* contra.

HEAD, Presiding Justice. 1. Anita B. Mitchell, individually and in two representative capacities, and Mary Louise Stevens assign error upon the sustaining by the trial judge of general demurrers to their petition against the City of Atlanta seeking damages and other relief because of the diversion of sewage into Entrenchment Creek, increasing the natural flow of the creek, and causing the periodic flooding of the plaintiffs' land.

The petition, as originally filed, seeks to allege a cause of action for a taking of private property based upon our Constitution, Art. I, Sec. III, Par. I (*Code Ann.* § 2-301), as follows: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid, . . ."

The amendment recites the dumping of sewage into Entrenchment Creek since 1860; the discharge of sewage into it from the installation of the first sewers prior to 1870 until 1914; the installation of two interceptor grates prior to 1915; and states that, "Since the year 1914 the defendant, the City of Atlanta, has made no changes in its sewage system affecting Entrenchment Creek, *and the conditions described above have existed openly, notoriously and continuously since at least 1914.*" (Italics ours.)

It is thus apparent that the installation of the public works and their resulting damage occurred many years ago. Any cause of action upon the theory of the quoted constitutional provision accrued immediately upon the installation of the public works involved here, alleged to be prior to 1915, and thus not within four years immediately prior to the filing of this action. Therefore, an action on this theory is barred by the statute of limitation governing trespass to real property. *Code* § 3-1001; *Atkinson v. City of Atlanta,* 81 Ga. 625 (7 SE 692); *Mayor &c. of East Rome v. Lloyd,* 124 Ga. 852 (53 SE 103); *Georgia Power Co. v. Moore,* 47 Ga. App. 411, 414 (170 SE 520); *Lawrence v. City of LaGrange,* 63 Ga. App. 587, 590 (11 SE2d 696).

2. A different result can not be reached because of the allegations that the plaintiffs did not know, until June 15, 1958, of the existence of the facts relating to the interceptor grates, the

deleterious situation resulting from the sewage, the anticipated overflow and other matters, set forth in the letter shown as Exhibit A of the petition. Mere ignorance of facts constituting a cause of action does not prevent the running of the statute of limitation. *Davis v. Boyett,* 120 Ga. 649 (48 SE 185, 66 LRA 258, 102 ASR 118, 1 AC 386).

3. We come now to the nuisance theory of the action, sought to be added by amendment. There was no special demurrer on the ground of duplicity, and a general demurrer does not reach this feature. At the outset, we are impressed with the significance and effect of the allegation in the original petition that, "The actions of the defendant set forth above constitute a permanent and nonabatable trespass." In amending the petition by seeking to plead a cause of action upon the theory of nuisance, the plaintiffs made additions in several particulars, but left undisturbed the allegation as to the permanent and non-abatable character of the situation which the amendment sought to establish as a nuisance.

This allegation is decisive. The diverse consequences of the two types of nuisance—permanent, nonabatable, as contrasted with nonpermanent, abatable—were clearly stated in *City Council of Augusta v. Lombard,* 101 Ga. 724, 727 (28 SE 994). There, as here, the issue turned on which of these two types of nuisance the petition alleged. Mr. Chief Justice Simmons, speaking for this court, expressed the distinction, which has been consistently adhered to, as follows: "A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance and against which the statute of limitations begins, from that time, to run . . . Where a nuisance is *not permanent* in its character, but is one which *can and should be abated* by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie. 3 Bl. Com. 220. This action accrues at the time of such continuance, and against it the statute of limitations runs only from the time of such accrual." (Italics ours.) See also *Langley v. City Council of*

*Augusta*, 118 Ga. 590 (9), 598 (45 SE 486, 98 ASR 133); *Vickers v. City of Fitzgerald*, 216 Ga. 476 (117 SE2d 316).

The prayer for abatement does not alter the import of the allegation that the situation complained of is nonabatable. The sufficiency of a petition depends upon the facts pleaded, not the prayer for relief. No cause of action is set forth for damages or injunction upon the theory of nuisance.

*Judgment affirmed. All the Justices concur.*