112

### 44742. LEAVELL et al. v. STATE HIGHWAY DEPARTMENT et al.

JORDAN, Presiding Judge. The plaintiffs are the successors in title to the grantor of a right of way to the State Highway Department, by deed executed on April 9, 1948, conveying a strip of land 50′ wide in Wilkes County between designated points in fee simple, with reversion if abandoned as a highway, for use in constructing a state-aid road, designated as project No. SAP 797, on State Highway No. 10, between Washington and Thomson.

The plaintiffs base their claim for damages on the alleged violation of a restriction in the deed, as follows: "This deed given with the understanding that my shade trees between Sta. 894 + 03 [sic] and Sta. 892 + 00 will be molested [sic] and no ditch section will be used between these stations." The violation allegedly recently occurred when the defendant, the G. H. Law Construction Company, Inc., in performing its contract with the defendant, the State Highway Department, under Product No. F-014-1(9) on what is now U. S. Highway No. 78, removed all shade trees within the right of way boundaries and dug a ditch along the right of way.

Following the restriction quoted above, the right of way deed contains the following statement: "And for the same consideration, I do further grant the right to all necessary drainage in the construction and maintenance of said road constructed over the said right of way and on my lands adjacent thereto, and also release said County and State Highway Department from any claim of damage arising on account of construction of said roads or fills and embankments, ditches or culverts or bridges, on account of back water, changing of courses of streams, or in any other manner."

The plaintiffs appeal from a dismissal for failure to state a claim, but concede they cannot prevail with respect to any claim for the removal of trees. *Held:*

1. "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." *Code* § 29-109. "The cardinal rule for the construction of a deed is to ascertain the intention of the parties. The whole instrument is to be construed together, so as to give effect, if possible, to the entire deed, and in this way

ascertain from its terms the real intention of the parties; and the construction which will uphold a deed in whole and in every part is to be preferred. One of the most important rules in the construction of deeds is to so construe them that no part or words shall be rejected. The courts lean to such a construction as reconciles the different parts, and reject the construction which leads to a contradiction." *Simpson v. Brown,* 162 Ga. 529 (1) (134 SE 161, 47 ALR 865).

2. " 'The primary rule for the interpretation of restrictive covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement, but the entire context, and where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met. . . *Restrictions on the use of real property will not be enlarged or extended by construction, and any doubt will be construed in favor of the grantee.* . . While the tendency of the courts is to discourage restrictions on the free alienation of property, it is also well settled that deeds and other instruments affecting title to land, like all contracts, are to be interpreted, as nearly as possible, according to the obvious intent of the parties contracting.' Berry on Restrictions on Use of Real Property, 52, 54, 57, and numerous authorities cited." (Emphasis supplied.) *Randall v. Atlanta Advertising Service,* 159 Ga. 217, 218 (125 SE 462). Also see *England v. Atkinson,* 196 Ga. 181 (26 SE2d 431); *Burch v. Ragan,* 92 Ga. App. 605, 609 (89 SE2d 541).

3. Applying the foregoing rules, and giving effect to the restriction in the light of the circumstances under which the grant was obtained, as expressed in the deed, the construction at that time of a state-aid project designated as No. SAP 797, it would appear that the intended purpose of the clause was not to state a covenant permanently running with the land prohibiting the digging of a ditch in the strip conveyed, but instead was merely a statement of the grantor's understanding that project No. SAP 797 as then contemplated would omit a ditch section between the stated points, and this was complied with as to that project. The claim here, however, is not based on work connected with project No. SAP 797, and the clause affords no basis for a claim for damages for the digging of a ditch some 20 years later in further improving the highway on the same right of way,

114

which the State Highway Department holds in fee simple, and as to which the grantor waived any claim for damages with respect to drainage construction.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 5, 1970.

*Orr & Kopecky, Wilbur A. Orr,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Robert E. Sherrell, J. William Pierce, Deputy Assistant Attorneys General, Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellees.