## 34427. CITIZENS & SOUTHERN BANK OF DUBLIN v. MORRIS STATE BUILDING CORPORATION et al.

UNDERCOFLER, Presiding Justice.

Appellant bank appeals an order granting an interlocutory injunction restraining it from constructing a branch bank in an area known as "Dublin Mall" in violation of a restrictive covenant prohibiting a competitive bank from locating in the mall granted to Morris State Building Corporation by Dublin Mall, Inc.

The Citizens & Southern urges it was error to grant the injunction and to allow into evidence certain documents and testimony concerning them over objection. We affirm.

1. The restrictive covenant was included in Morris State Building Corporation's deed and recorded. Appellant admits having notice of the restriction prior to purchasing Unit A-3 in the shopping center from Standard Oil Company (now Chevron, U.S.A.), the original grantee of this parcel which purchased it to erect a service station, a permitted use as set out in an original survey and site plan of the mall recorded in the Laurens County clerk's office. However, appellant urges Standard Oil had no actual or constructive notice of appellee's restriction when it purchased Unit A-3 and that the burden of a restrictive covenant does not pass to C & S where a purchaser without notice sells to a subsequent purchaser with notice of the restriction. Code Ann. § 37-114. This statute is not applicable because there was ample evidence to support the trial court's conclusion that Standard Oil had sufficient information presented to it at the time of the original purchase of Unit A-3 to put that company on inquiry as to the existence of restrictions in the deeds between Dublin Mall, Inc., Morris State Building Corporation and other owners with interests in the mall. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is

afterwards found such inquiry might have led . . . ." Code Ann. § 37-116. "[A]ctual notice . . . is shown, when the proof, positive or presumptive, authorizes the clear and satisfactory conclusion, that the purchaser had knowledge of the incumbrance, or would have had it, if he had not wilfully declined to search for it, and thus his conscience is affected by it; and that constructive notice, is that which arises out of a legal inference, or presumption strictly speaking, such as notice from a register, record, or some such matter; and which does not affect the conscience of the purchaser, because, notwithstanding the legal presumption, he may never have had absolute knowledge of the record or been put upon inquiry in relation to it." *Jordan v. Pollock,* 14 Ga. 145, 158 (1853).

2. Appellant further urges the trial court, sitting without a jury, erred in admitting documentary evidence objected to as being immaterial and irrelevant to the issues of the existence of a restrictive covenant and whether Standard Oil had notice of the covenant when it purchased the Unit A-3 and later sold it to C & S Bank of Dublin.

"Where a case is tried before a judge without a jury, it is presumed that judgment was rendered only upon the competent and legal evidence before him; consequently, if illegal evidence was admitted, it does not require a new trial." *Nelliger v. Atlanta Baggage & Cab Co.,* 109 Ga. App. 863 (3) (137 SE2d 566) (1964). Accord, *McElroy v. Williams Brothers Motors,* 104 Ga. App. 435 (121 SE2d 917) (1961); Agnor's Georgia Evidence, § 8-5.

There were 61 documents admitted into evidence, and a review of the transcript dealing specifically with each document and objection shows no reversible error. Though several documents appear to deal with collateral transactions between C & S Bank and other parties concerning options to purchase other parcels of land near the mall, the court admitted these exhibits for whatever value they might have in helping it determine the issues, noting that it understood the limitations of some of the evidence and would probably rule differently if the case was going to a jury.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who is disqualified.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 15, 1979.

*Dubignion Douglas,* for appellant.
*Jones, Jones & Hilburn, Paul J. Jones, Jr.,* for appellees.