## 34830. HAMMONDS et al. v. HUDDLE HOUSE, INC., et al.

BOWLES, Justice.

Appellant Hammonds owns a 2.3 acre tract of land in Cobb County, a portion of which he leased to appellee Huddle House, Inc., which it in turn subleased to a co-appellee. Appellees operate a Huddle House restaurant on the leased premises. Hammonds subsequently entered into an oral agreement to sell a separate portion of the 2.3 acre tract to the owner of a controlling interest in co-appellant Robuster's, Inc. Appellees brought suit against both appellants seeking to enjoin them from violating a restriction in the Hammonds-Huddle House lease prohibiting a competitive use within a one mile radius of the leased premises. The trial court enjoined the violation of the restriction.

We affirm.

Contrary to appellants' assertion, the trial court did not enjoin the *sale* of any property to anyone. The property, whether sold or not, simply cannot be put to a competitive use. Robuster's does not dispute that it had both actual and constructive notice of the provision in the lease prohibiting a competitive use. Equity may enforce an applicable restrictive covenant of which the party to be enjoined has notice. *Citizens & Southern Bank of Dublin v. Morris State Bldg. Corp.*, 243 Ga. 169 (253 SE2d 89) (1979). Appellants' main argument hinges on language in the restrictive covenant stating that Hammonds shall not use or permit anyone else to use any other real property *"owned or controlled"* by Hammonds for a competitive purpose. Appellants assert that once the land is sold it is no longer "owned or controlled" by Hammonds and thus the restriction is inapplicable. We need not consider the merits of that argument since other language in the restriction is applicable and justifies the injunction. This language is that Hammonds shall not use or permit anyone else to use "any portion of the . . . development . . . of which the premises is a part" for a competitive purpose. The 2.3 acre tract is plainly the "development" contemplated.

The primary rule for the interpretation of restrictive covenants is to ascertain the intention of the parties from the entire context of the agreement. *Leavell v. State Hwy. Dept.*, 121 Ga. App. 112 (173 SE2d 124) (1970). It is clear from the language used in the lease that if it was within Hammonds' power to prevent a competitive use within one mile of the Huddle House, he was to do so. Having received the benefit of his initial bargain, he should not be permitted to repudiate the covenant he made in order to obtain that bargain, when it is within his power to carry it out. The trial court did not err in granting the injunction. *Citizens & Southern Bank of Dublin v. Morris State Bldg. Corp.*, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED JUNE 20, 1979 — REHEARING DENIED JULY 17, 1979.

*Awtrey & Parker, A. Sidney Parker, Toby B. Prodgers,* for appellants.

*Thomas B. Murphy, William P. Smith, III,* for appellees.