74915, 74917. ADAMS v. COBB COUNTY (two cases).
74916. ADAMS et al. v. COBB COUNTY.
(363 SE2d 260)

CARLEY, Judge.

In 1978, the appellee-condemnor in each of these three companion cases filed a declaration of taking and paid estimated just and adequate compensation into the registry of court. Each appellant-condemnee then filed a timely notice of appeal pursuant to OCGA § 32-3-14. In each case, however, a period of more than five years elapsed without the trial court entering a written order therein. In 1983, each appellant attempted to utilize the provisions of former OCGA § 9-2-61 (a) to renew his or her appeal by paying costs and refiling a notice of appeal. The trial court, however, ordered the dismissal of appellants' renewed appeals, holding that the remedial provisions of former OCGA § 9-2-61 (a) were not available to them. Each appellant filed a notice of appeal to this Court from the respective order of dismissal and the resulting three appeals are hereby consolidated for disposition in this single opinion.

1. The trial court cited OCGA § 9-11-41 (e) as authority for holding that appellants' original appeals had been automatically dismissed. On appeal, appellants urge the inapplicability of that statute to condemnation proceedings. However, this court has previously held that the automatic dismissal provision of OCGA § 9-11-41 (e) does apply to condemnation proceedings. *West v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (1985). Moreover, even if OCGA § 9-11-41 (e) were otherwise inapplicable, appellants' original appeals would nevertheless be deemed as having been automatically dismissed pursuant to OCGA § 9-2-60. See *Dehco, Inc. v. State Hwy. Dept.*, 147 Ga. App. 476 (249 SE2d 282) (1978); *Fulton County v. Corp. of the Presiding Bishop &c.*, 133 Ga. App. 847 (1) (212 SE2d 451) (1975).

2. Appellants filed their renewed appeals within six months of the automatic dismissal in 1983 of their original appeals. Appellants urge that the trial court erred in ruling that the renewal provision of former OCGA § 9-2-61 (a) was not available to them.

Former OCGA § 9-2-61 (a) provided, in relevant part, as follows: "If a *plaintiff* discontinues or dismisses his case and recommences the

same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case. . . ." (Emphasis supplied.) This statutory provision was held to be applicable where, as in the cases at bar, the prior dismissal was automatic rather than voluntary. *Allstate Ins. Co. v. Dobbs*, 134 Ga. App. 225 (213 SE2d 915) (1975). See also existing OCGA § 9-2-60 (c). However, by its unequivocal language, the former statute also provided that the right of renewal was available only to plaintiffs. See also existing OCGA § 9-2-60 (c). Appellants urge that they are the true plaintiffs because it was they who initiated the dismissed proceedings by filing their original notices of appeal.

Contrary to appellants' contentions, it was appellee, as condemnor, that initiated these cases by its filing of a petition and a declaration of taking and by its depositing of an estimated amount of just and adequate compensation into the registry of the court. By doing so, appellee did more than file mere pleadings which were subject to subsequent dismissal. Appellee filed self-executing instruments by which the title to appellants' properties passed to it. "Due to the special nature of condemnation cases in general, it has been held that the [Civil Practice Act (CPA)] did not apply to certain procedures of the Special Master Act ([OCGA § 22-2-100 et seq.]), [(cit.)], nor to specific proceedings under [OCGA § 32-3-1 et seq.]), [(cit.)], although provisions of the CPA may be applied if not in conflict with the condemnation act, [(cit.)]. In assessing the nature of the proceedings under [OCGA § 32-3-1 et seq.] it becomes obvious that the general notion of notice pleading under our Civil Practice Act does not apply to condemnation proceedings. The petition is not a mere pleading but an instrument which passes title when filed and [estimated] just and adequate compensation is paid into court under [OCGA § 32-3-7 (a)]." *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 36 (279 SE2d 707) (1981). Appellants did not contest the taking itself. See OCGA § 32-3-11. Thus, had no timely notice of appeal been filed pursuant to OCGA § 32-3-14, a money judgment, in the amount deposited into court by appellee, would ultimately have been entered in appellants' favor and the proceedings would have been at an end. See OCGA § 32-3-13 (b). By filing a timely notice of appeal, however, appellants secured the right to a jury trial as to the amount of just and adequate compensation. Thus, the timely filing of appellants' notices of appeal is not analogous to the timely filing of counterclaims, wherein they would be considered the plaintiffs. Appellants' notices of appeal were in the nature of answers in the proceedings initiated by appellee, denying appellee's estimate of the amount of just and adequate compensation and preserving that issue for jury determination. Accordingly, the automatic dismissal of the proceedings returned the cases to the following posture: There was still on file with the court self-executing in-

struments which had vested title to the properties in appellee but from which no timely notices of appeal were still pending. Under this posture, the applicable statutory provision would mandate that money judgments for the amounts of compensation deposited into court by appellee should be entered in appellants' favor. OCGA § 32-3-13 (b). Accordingly, to hold, as appellants urge, that a condemnee has the right to refile his notice of appeal within six months of an automatic dismissal pursuant to the five-year rule would be tantamount to sanctioning a defendant's reliance upon former OCGA § 9-2-61 (a) as authorizing the refiling of his answer after it has been stricken by operation of law. By its terms, former OCGA § 9-2-61 (a) applied only to plaintiffs, not defendants, and such a holding as appellants urge that this court make would clearly not be authorized under its provisions. See also existing OCGA § 9-2-60 (c).

"[T]he burden of proof is on the condemnor to show damages, with a correlative right to open and conclude the argument. The effect of this is to make [the condemnor] a plaintiff and the condemnee a defendant. [Cits.]" *Taylor v. Ga. Power Co.*, 137 Ga. App. 44, 46 (222 SE2d 869) (1975). Appellee met this burden by filing declarations of taking and by paying an amount of estimated compensation into court. At some point in 1983, pursuant to the provisions of either OCGA §§ 9-11-41 (e) or 9-2-60, timely and viable notices of appeal by appellants, denying appellee's estimated compensation, were no longer pending. Only instruments which had vested title to the properties in appellee upon its payment of estimated compensation remained on file. As defendants, appellants could not rely upon former OCGA § 9-2-61 (a) as authority for resecuring the right to a jury trial on the issue of compensation by refiling their notices of appeal. The renewal privilege under that statute was reserved to plaintiffs. Accordingly, the trial court did not err in dismissing appellants' "renewed" appeals.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1987 —
REHEARING DENIED NOVEMBER 18, 1987 — 

*Harry W. Bassler*, for appellants.
*Dana L. Jackel*, for appellee.