## 75021. PARKER et al. v. DEPARTMENT OF TRANSPORTATION.
### (363 SE2d 156)

CARLEY, Judge.

Appellee-condemnor filed a petition and a declaration of taking as to certain land belonging to appellant-condemnees and deposited estimated just and adequate compensation into the registry of the court. Although appellants now urge that the declaration of taking did not comport with the requirements of OCGA § 32-3-6, they did not invoke a ruling on this contention by complying with the provisions of OCGA § 32-3-11. Instead, appellants merely filed a timely notice of appeal pursuant to OCGA § 32-3-14. Thereafter, a five-year period elapsed without an order being entered by the trial court. The trial court then entered an order holding that, under OCGA § 9-11-41 (e), the proceedings had been dismissed by operation of law. Appellants appeal from the order of the trial court holding that the proceedings had been dismissed.

It is clear that the five-year rule applies to condemnation proceedings and appellants do not contend otherwise. See generally *Adams v. Cobb County*, 184 Ga. App. 879 (363 SE2d 260) (1987). Instead, appellants urge that the trial court erred in finding the five-year dismissal rule applicable under the facts of the present case. Relying on *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981), appellants contend that the five-year period could not begin to run from the date that the declaration of taking was filed by appellee because that declaration was not in compliance with OCGA § 32-3-6.

In *Dorsey*, the condemnee had filed a timely petition pursuant to OCGA § 32-3-11, urging that the declaration of taking had failed to conform to the requirements of OCGA § 32-3-6, and the trial court found that the declaration was defective but permitted it to be amended by the condemnor. The Supreme Court held that "it was proper for the trial court to order an amendment rather than setting aside the original declaration. However, the amended declaration could only vest title in the condemnor at the time of the amendment, and not relate vesting back to the time of the original declaration. The possibility of a condemnor reaping a benefit from having filed a faulty declaration of taking should be avoided. We therefore hold that for the purpose of determining the value of the land taken or consequential damages to land not taken, the condemnee shall have the right to elect whether the date of taking is the date of the filing of the original declaration of taking or the date of the filing of the amendment." *Dorsey v. Dept. of Transp.*, supra at 37. Thus, the holding in *Dorsey* authorizes a choice on the part of a condemnee, who has timely and successfully invoked OCGA § 32-3-11, as to the effective date for determining the amount of just and adequate compensation.

Unlike the condemnee in *Dorsey*, however, appellants never filed a timely petition pursuant to OCGA § 32-3-11. This failure is fatal to an attempt to analogize this case to *Dorsey* and to the ultimate reliance upon appellee's allegedly defective declaration of taking as the basis for holding that no five-year period could ever commence to run until the alleged defects therein were remedied. OCGA § 32-3-11 "provides the procedural framework and the remedy for a condemnee who wishes to question [the improper use, or abuse or misuse of the declaration of taking by] a condemnor. Appell[ants], however, did not avail [themselves] of the [§ 32-3-11] procedure, which empowers the trial court to 'set aside, vacate, and annul the said declaration of taking, together with any title acquired thereby . . .' [Cit.] Thus appell[ants] had a forum in which to air [their] allegations . . . and seek a remedy. [Their] failure to avail [themselves] of that opportunity does not entitle [them] now to bring up [their] allegations . . . [Cit.]" *Department of Transp. v. Franco's Pizza*, 164 Ga. App. 497, 498 (1) (297 SE2d 72) (1982). Appellants did not raise any issue of the defective declaration of taking within the 30-day period mandated under OCGA § 32-3-11. Therefore, appellants waived any challenge to the legality of the declaration of taking and any right to urge that the declaration of taking was ineffective to commence proceedings which were otherwise subject to the five-year rule.

In this case, the five-year period initially began to run with the declaration of taking as it was filed and began to run anew with the issuance of each successive order of the trial court. *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29 (1) (245 SE2d 324) (1978). Once a period of five years had elapsed following the last order of the trial court, the proceedings were dismissed by operation of law. OCGA § 9-11-41 (e); *Adams v. Cobb County*, supra. The trial court did not err in so holding.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1987 —
REHEARING DENIED NOVEMBER 18, 1987 —

*Richard N. Hubert, Glenn P. Hendrix*, for appellants.
*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, A. Joseph Nardone, Jr.*, for appellee.