### A90A0324. ROBINSON et al. v. DEPARTMENT OF TRANSPORTATION.
#### (394 SE2d 590)

McMURRAY, Presiding Judge.

Following the decision of this court in *Robinson v. Dept. of Transp.*, 185 Ga. App. 597 (364 SE2d 884), plaintiffs Robinson and Glover filed this action seeking compensation for the alleged taking and interference with certain burial easements by defendant Georgia Department of Transportation. Plaintiffs' purported "renewal action" is predicated on alternative theories of inverse condemnation and trespass. Plaintiffs appeal the grant of defendant's motion for summary judgment. *Held*:

While plaintiffs allege that defendant's ongoing use of the burial easements is a continuing trespass, this contention overlooks the fact that defendant initiated the condemnation of the fee simple title to the real property at issue on March 26, 1981, so that under the provisions of OCGA § 32-3-7 (a), defendant has owned fee simple title to the real property in question since that date. Thus, plaintiffs had no remaining rights in the real property upon which a trespass or inverse condemnation claim could be predicated after that date. See generally *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 36 (279 SE2d 707).

Therefore, the statute of limitation applicable to either of plaintiffs' claims commenced on or before March 26, 1981. The applicable statute of limitation, OCGA § 9-3-30, provides that: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues."

"Where property has been taken or damaged for public purposes by public authorities or a quasi-public corporation, the party injured, being entitled under the constitution . . . to 'just and adequate compensation,' may bring one action therefor, within the time required by the statute of limitations . . ." *Georgia Power Co. v. Moore*, 47 Ga. App. 411, 412 (2) 413 (170 SE 520). "It is thus apparent that the installation of the public works and their resulting damage occurred many years ago. Any cause of action upon the theory of the quoted constitutional provision accrued immediately upon the installation of the public works involved here . . . and thus not within four years immediately prior to the filing of this action. Therefore, an action on this theory is barred by the statute of limitation governing trespass to real property. [Cits.]" *Mitchell v. City of Atlanta*, 217 Ga. 202, 203

(1) (121 SE2d 764). See also *Southern R. Co. v. Leonard*, 58 Ga. App. 574, 581 (199 SE 433).

Although the actual taking or trespass alleged by plaintiffs occurred more than four years prior to the filing of this action on August 5, 1988, plaintiffs contend that their action is not barred by the statute of limitation since they have brought a proper renewal action pursuant to OCGA § 9-2-61 (a) asserting the claims for compensation were dismissed on procedural grounds, which dismissal was affirmed in the previous appearance of this case before this court. *Robinson v. Dept. of Transp.*, 185 Ga. App. 597, supra. However, OCGA § 9-2-61 (a) has no application to this case since this action is not the recommencement of an earlier action which a "plaintiff discontinues or dismisses . . ." and the plaintiffs in the present action were not plaintiffs in the condemnation action. See *Adams v. Cobb County*, 184 Ga. App. 879 (2) (363 SE2d 260). Furthermore, OCGA § 9-2-61 (a) does not apply due to the absence of an earlier valid suit by plaintiffs. *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190, 192-194 (3) (283 SE2d 69).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett, Suzanne F. North*, for appellants.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Roland F. Matson, Charles M. Richards, Senior Assistant Attorneys General*, for appellee.

