## S96A1855. STAFFORD v. DEPARTMENT OF TRANSPORTATION et al.

(480 SE2d 846)

HINES, Justice.

This case requires us to determine whether a deed conveyed fee simple title to a parcel of land or merely an easement in a quantity of earth.

In 1938, Henry Ford executed a deed conveying to the Highway Board of Georgia, and its successor in office, a parcel of land, to hold in fee simple, for the widening of Highway 17 and for the construction of an overpass over the tracks of the Atlantic Coast Line Railroad. The deed stated that if construction on the highway did not commence within a period of four years from and after April 6, 1938, then all lands conveyed by it would revert to the grantor, except "such land described and shown on the map or plat attached hereto as 'Detail #1' and 'Detail #2,' which provides for the construction of an overpass over the tracks of the Atlantic Coast Line Railroad and the accompanying borrow pits."[1] Construction on the highway did not occur within the time limitation, and all lands conveyed by the deed reverted to the grantor, except the land reserved for the overpass and the accompanying borrow pits.

In 1995, Charles Stafford filed suit against the Georgia Department of Transportation (DOT), as successor in interest to the Highway Board of Georgia, asserting that title to 4.774 acres of land, as shown in the plat attached to the Henry Ford deed as "Detail #1," should be quieted in him. He alleged that the deed conveyed to the DOT merely an easement to remove a specific quantity of earth from the borrow pits, and because he is the successor in title to Henry Ford and the disputed 4.774 acres of land, title should be vested in him. A special master was appointed to hear the case and issued a report recommending that title be quieted in Stafford. The DOT filed exceptions to the report, and the superior court granted the DOT relief, ruling that the deed conveyed the borrow pits in fee simple

---

[1] A "borrow pit" is defined as "[a] pit or bank from which material is taken for use in filling or embanking." Black's Law Dictionary, p. 230 (4th ed. 1968).

title to the DOT. Stafford appeals from the adverse ruling, and we affirm.

1. Stafford contends that the superior court erred in not adopting the recommendation of the special master. He argues that the grantor's intention to convey an easement in a quantity of earth, rather than fee simple title to the 4.774 acres of land, is clearly substantiated by the purposeful use of the term "borrow pits" and the handwritten notations on the survey plat showing the cubic-foot quantity of earth needed to construct the overpass. The argument fails.

> [T]he crucial test in determining whether a conveyance grants an easement in, or conveys title to, land, is the intention of the parties, but in arriving at the intention many elements enter into the question. The whole deed or instrument must be looked to, and not merely disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purposes, and nature of the restrictions or limitations, if any, or the absence of such, and the attendant facts and circumstances of the parties at the time of the making of the conveyance are all to be considered. [Cit.]

*Jackson v. Rogers*, 205 Ga. 581, 586-587 (54 SE2d 132) (1949). Restrictions on the use of real property will not be expanded by construction, and any uncertainty will be settled in the grantee's favor. *Leavell v. State Highway Dept.*, 121 Ga. App. 112, 113 (2) (173 SE2d 124) (1970).

In the instant case, a review of the entire deed shows that the grantor intended to convey, in fee simple, 13.725 acres of land to be used as borrow pits in building an overpass and 131.073 acres of land to be used as a right-of-way in widening Highway 17. Regardless of whether or not construction commenced on the highway within the time limitation, the land conveyed for the overpass and borrow pits would not revert to the grantor. The mere use of the term borrow pits in the deed, to identify the parcel of land conveyed, and a handwritten notation on the attached plat showing the cubic fill required to build the overpass were not sufficient to limit the fee simple conveyance of 4.774 acres of land to an easement in a quantity of earth. Accordingly, the superior court properly ruled that fee simple title to the disputed parcel of land remained vested in the DOT.

2. Stafford asks this Court to remand the case, and direct the superior court to enter an order vesting .19 acre of land in him because it was a portion of the right-of-way which should have reverted to Henry Ford when the time restriction on the construction project was not met. The superior court did not rule on the matter, and, therefore, we are without jurisdiction to consider it. Any petition

by Stafford to adopt the special master's recommendation in this regard addresses itself to the superior court.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1997.

*George A. Waters,* for appellant.

*Michael J. Bowers, Attorney General, George S. Zier, Assistant Attorney General,* for appellees.