A98A0878. DEPARTMENT OF TRANSPORTATION
v. WHITFIELD et al.
(505 SE2d 247)

MCMURRAY, Presiding Judge.

Proceeding under OCGA § 32-3-4, the condemnor-appellant Department of Transportation ("DOT") filed a declaration of taking to acquire "fee simple title to a right of way . . ." consisting of 0.082 acres of land, to "widen and reconstruct State Route 1 from the end of existing 5 lanes to Chichamauga [sic] Park Bypass. . . ." Named as owners were condemnee-appellees Stanley A. Whitfield and Fina Oil & Chemical Company ("Fina"), as well as Pioneer Bank, a non-party to this appeal. Estimated compensation of $145,825 was paid into the registry of the Clerk of the Superior Court of Walker County, Georgia. Fina answered, alleging it is the owner only of "the primary FINA sign and poles," demanding $1,489.65 for the loss of its personalty.

Dissatisfied with the estimate of compensation, allegedly pursuant to OCGA § 32-3-14, Stanley A. Whitfield "appeal[ed] to the Court and jury." At the same time, he also filed a "MOTION FOR MORE DEFINITE STATEMENT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS." Specifically, Stanley A. Whitfield complained the declaration of taking does not set forth a valid legal description of the property taken or damaged; "does not set forth such other facts as are necessary for a full understanding of the cause, to-wit: the legal description is inadequate by a survey of meets [sic] and bounds of the property taken, that remains and the whole"; and does not describe the property or interest taken including realty, personalty, fixtures

and consequential damages applicable to each. The superior court agreed in part that "Plaintiff [DOT] must describe more definitely all the property or interests to be taken including realty, personalty, and fixtures . . .," and granted condemnee Stanley A. Whitfield's motion in part, requiring DOT to submit a more definite petition. Within ten days, the superior court certified its order for immediate review. DOT's application for interlocutory appeal was granted by this Court and a timely notice of appeal was filed. *Held*:

In four related enumerations of error, DOT contends the superior court's grant of condemnee's motion for a more definite statement is erroneous because the original declaration of taking fully complies with OCGA § 32-3-5; because condemnee Whitfield failed to object to the taking under OCGA § 32-3-11; because the court held DOT to a heightened standard of pleading, not required by the law nor intended by the legislature; and because the superior court's order "directly conflicts with all notions of public policy established by the legislature regarding the ability of governmental entities to [assert] their powers of eminent domain." We affirm.

1. "[P]rivate property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). "No constitution has or can have a plainer provision on this subject than our own, and the provision is one not to be violated or evaded either by the legislature or the courts." *Oliver v. Union Point &c. R. Co.*, 83 Ga. 257, 261 (1) (9 SE 1086).

2. The legislature established the contents of the condemnation petition in OCGA § 32-3-5 (a), which provides in part the petition "shall set forth: (1) The facts showing the right to condemn; (2) *The property or interests to be taken or damaged*; (3) The names and residences of the persons whose property or interests are to be taken or otherwise affected, so far as known; . . . [and] (5) Such other facts as are necessary for a full understanding of the cause. . . ." (Emphasis supplied.) The nature of the "property or interests to be taken or damaged . . ." is not limited by the express terms of OCGA § 32-3-5 (a) (2). "[T]he right of the owner to recover for damage done his property [is] inclusive of damages to every species of property, real and personal, corporeal and incorporeal." *Bowers v. Fulton County*, 221 Ga. 731, 734 (2), 737 (146 SE2d 884).

3. " 'In assessing the nature of the proceedings under (OCGA § 32-3-1 et seq.) it becomes obvious that the general notion of notice pleading under our Civil Practice Act does not apply to condemnation proceedings. The petition is not a mere pleading but an instrument which passes title when filed and (estimated) just and adequate compensation is paid into court under (OCGA § 32-3-7 (a)).' [Cit.]" *Adams v. Cobb County*, 184 Ga. App. 879, 880 (363 SE2d 260). "[T]o ensure

due process to the property owner, the statute must be strictly conformed to by the condemning body." *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 37 (279 SE2d 707). In our view, the superior court was authorized to direct DOT as condemnor to recast the declaration of taking to include reasonably foreseeable personalty and fixtures, and did not abuse its discretion in so doing. See OCGA § 32-3-11 (b) (4).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 31, 1998 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Thurbert E. Baker, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Dwyer, White & Sapp, Anne W. Sapp, Ronald R. Womack*, for appellant.

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr.*, for appellees.