A00A1891. WHITFIELD et al. v. DEPARTMENT OF
TRANSPORTATION.
(546 SE2d 308)

ANDREWS, Presiding Judge.

The Georgia Department of Transportation (DOT) condemned land for a road right-of-way pursuant to OCGA § 32-3-1 et seq. and paid $197,825 into the registry of the trial court as compensation to

---

[6] *Fleming v. U-Haul Co.*, 246 Ga. App. 681, 684 (3) (541 SE2d 75) (2000).
[7] *Melton v. LaCalamito*, 158 Ga. App. 820, 824 (2) (b) (282 SE2d 393) (1981).

condemnees, Stanley A. Whitfield, Whitfield Oil Company, Bonnie Green, and Fina Oil & Chemical Company. Whitfield and Whitfield Oil Company appeal from the trial court's judgment distributing $145,825 to them, $50,000 to Green, and $2,000 to Fina Oil as just and adequate compensation for the condemnees' respective interests and consequential damages. For the reasons which follow, we affirm the trial court's judgment accepting $197,825 as total just and adequate compensation and affirm the amounts distributed from that total to Whitfield, Whitfield Oil, and Green. As to Fina Oil, the evidence supports a distribution in an amount no greater than $1,489.65.

1. In various enumerations of error, Whitfield and Whitfield Oil claim that the declaration of taking filed with the condemnation petition was insufficient, that they were entitled to a jury trial on the issue of compensation, that proper procedures were not followed in adding a condemnee and compensation after the declaration of taking was filed, and that orders were entered related to additional compensation paid by the DOT without proper notice. These claims are without merit or waived.

First, Whitfield and Whitfield Oil concede they failed to timely appeal for a jury trial on the issue of compensation pursuant to OCGA § 32-3-14, nor did they timely allege under OCGA § 32-3-11 that the declaration of taking was defective. *Lil Champ Food Stores v. Dept. of Transp.*, 230 Ga. App. 715, 716 (498 SE2d 94) (1998); *Parker v. Dept. of Transp.*, 184 Ga. App. 882 (363 SE2d 156) (1987).[1] Moreover, they were not entitled to join in timely appeals for a jury trial by Green or Fina Oil since these condemnees ultimately chose not to contest the amount of compensation paid by the DOT and did not pursue those appeals. *Brown v. Dept. of Transp.*, 191 Ga. App. 321, 322 (381 SE2d 532) (1989). Finally, the record clearly shows that Whitfield and Whitfield Oil waived all these claims by conceding in the trial court that the original compensation paid by the DOT with the declaration of taking in the amount of $145,825, plus additional compensation paid by the DOT in the amount of $52,000, was just and adequate compensation for the interests of all the condemnees and that the only issue remaining was the distribution of this compensation among the condemnees.

---

[1] Our prior decision in this case in *Dept. of Transp. v. Whitfield*, 233 Ga. App. 747 (505 SE2d 247) (1998), affirming the trial court's authority to grant a motion for a more definite statement as to aspects of the declaration of taking, does not provide authority for a claim by Whitfield or Whitfield Oil that the taking was defective under OCGA § 32-3-11. That claim was waived by the failure to raise it within the 30-day period mandated by OCGA § 32-3-11. Compare *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981), where a timely claim was made under OCGA § 32-3-11, with *Parker*, 184 Ga. App. 882.

2. Whitfield and Whitfield Oil claim they were entitled not only to the $145,825 distributed to them, but to the entire compensation fund, and that the trial court erred in distributing $50,000 of the fund to Green and $2,000 of the fund to Fina Oil.

In support of her claim for business losses, Green presented evidence that she operated a gas station store on premises leased from Whitfield Oil and that condemnation of a portion of the premises forced removal of the gas tanks and resulted in the total destruction of the business at that location. There was evidence that the business was located at a heavily traveled crossroads at which traffic converged from two populated areas. Green testified that she was unable to relocate and continue the business because she could not find substantially comparable property in the area. She concluded that she suffered a business loss of about $85,000 based on the difference between the value of the business before and after the condemnation.

This evidence was sufficient to establish that the business was destroyed by the condemnation, that the property on which the business was located was unique and the business could not be successfully relocated in the area, and that Green suffered damages measured by the loss of the value of the business. *MARTA v. Martin*, 193 Ga. App. 566, 567-568 (388 SE2d 346) (1989); *Dept. of Transp. v. Kendricks*, 148 Ga. App. 242, 244-247 (250 SE2d 854) (1978). Contrary to the contention of Whitfield and Whitfield Oil, it was not necessary for Green to prove damages by showing lost profits. *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 641-642 (385 SE2d 746) (1989); *Old South Bottle Shop v. Dept. of Transp.*, 175 Ga. App. 295 (333 SE2d 127) (1985). The evidence was sufficient to support the trial court's distribution of $50,000 to Green for business loss.

Fina Oil did not appear at the evidentiary hearing held to determine distribution of the compensation and presented no evidence in support of its claim for damages in the amount of $2,507.01 for personalty destroyed by the condemnation. However, the trial court took notice in its judgment that Whitfield and Whitfield Oil admitted in judicio that Fina Oil was entitled to $1,489.65 on its claim. In support of his claim to damages for the destroyed personalty, Whitfield appeared at the hearing and testified that he purchased Fina's interest in the personalty.

In the absence of any evidence presented by Fina Oil in support of its claim for damages, the admission by Whitfield and Whitfield Oil that Fina Oil was entitled to $1,489.65 was the only support for the trial court's distribution of a portion of the compensation to Fina Oil. *Richmond County v. Sibert*, 218 Ga. 209, 212 (126 SE2d 761) (1962). Accordingly, the trial court erred by distributing $2,000 to Fina Oil when the evidence supported a distribution of only $1,489.65. *Dept. of Transp. v. Olshan*, 237 Ga. 213, 217 (227 SE2d

349) (1976). On the evidence presented, Whitfield was entitled to distribution of the remaining $510.35.

*Judgment affirmed in part and reversed in part. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 21, 2001 —

*Coppedge & Leman, Warren N. Coppedge, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Ronald R. Womack, John T. Siess, Anne W. Sapp,* for appellee.