**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2014**

# In the Court of Appeals of Georgia

A14A0057. LIBERTY COUNTY v. ELLER et al.

MILLER, Judge.

This appeal arises from an action that Martha and Adam Eller filed against Liberty County ("the County") for trespass, continuing trespass, nuisance, inverse condemnation, and damages based on a drainage pipe that discharges storm water run-off into a pond on the Ellers' property. The County filed motions for summary judgment arguing that the statute of limitations had run on the Ellers' inverse condemnation claim and their other claims were barred by sovereign immunity. The trial court denied the County's motions for summary judgment, and the County appeals. For the reasons that follow, we reverse.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo

standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Footnote and punctuation omitted.) *Community Marketplace Properties, LLC v. SunTrust Bank*, 303 Ga. App. 403, 404 (693 SE2d 602) (2010).

So viewed, the record shows that in 2001, Liberty County began improving a portion of Carter Road in Walthourville by paving the road and installing gutters and a corresponding storm water management system, including an 18-inch-wide drainage pipe that led into an existing pond on real property located on Carter Road ("the property"). In April 2008, Martha Eller purchased the property so that her son, Adam Eller, could build houses on the land, excavate dirt out of borrow pits,[1] provide the dirt to builders, and ultimately convert the pits into catfish ponds.

Adam Eller thereafter signed a contract to provide dirt to a builder. To excavate the soil, Adam had to pump water out of the pond. Adam first observed the drain pipe three or four months after Martha purchased the property, after the water level in the pond dropped. In order to stop the water from filling up the pond each time in rained, Adam cut back the pipe, and attempted to block it off.

---

[1] "A borrow pit is defined as a pit or bank from which material is taken for use in filling or embanking." (Citation and punctuation omitted.) *Stafford v. Dept. of Transp.*, 267 Ga. 531, n. 1 (480 SE2d 846) (1997).

Between 2009 and 2012, Adam discontinued excavation of the pond due to drainage and permitting issues. In 2012, he resumed his excavation work and sold more dirt off of the property until the Ellers lost possession of the property in foreclosure in September 2012.

1. The County contends that the doctrine of sovereign immunity bars the Ellers' claims for trespass, continuing trespass, tortious interference with contractual relations, adverse impact on credit rating, emotional damages, and litigation expenses.[2] To the extent the Ellers' have raised claims outside the rubric of trespass, nuisance, or inverse condemnation, we agree that the Ellers' claims are barred by sovereign immunity.

> As provided in Georgia's Constitution, sovereign immunity extends to the counties, and a county's sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a

---

[2] The Ellers' claims for tortious interference with contractual relations, adverse impact on credit rating and emotional damages were not a part of their original complaint. The County does not dispute that these claims were added during the litigation, so although these claims are not evident in the record on appeal, we address the merits of the County's argument as to these claims.

3

threshold issue. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver.

(Citations and punctuation omitted.) *Board of Commrs. of Glynn County v. Johnson*, 311 Ga. App. 867, 869 (1) (717 SE2d 272) (2011). Whether sovereign immunity has been waived is a matter of law, which we review de novo. *Savage v. E.R. Snell Contractor, Inc.*, 295 Ga. App. 319, 323 (3) (672 SE2d 1) (2008).

As the party seeking to benefit from the waiver, the Ellers have the burden of establishing that the County has waived its sovereign immunity. *Johnson*, supra, 311 Ga. App. at 869 (1). Counties can be liable for conditions created on private property under the constitutional eminent domain provisions against taking or damaging such property for public purposes without just and adequate compensation. See *Stanfield v. Glynn County*, 280 Ga. 785, 786 (1) (631 SE2d 374) (2006) However, counties, unlike municipalities, are not generally liable for creating nuisances, unless the nuisance rises to the level of a taking amounting to inverse condemnation. See id. (regardless of how the claims are denominated, plaintiffs may recover only if trespass or nuisance amounts to the taking of property); see also *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402 SE2d 513) (1991). "To be liable for a nuisance, a county must perform a continuous or regularly repetitious act, or create a continuous or regularly

repetitious condition that caused the harm." (Punctuation and footnote omitted.) *Morris v. Douglas County Bd. of Health*, 274 Ga. 898, 899 (1) (561 SE2d 393) (2002).

There is no authority, and the Ellers point to none, for the proposition that the County has waived its sovereign immunity as to claims for tortious interference with contractual relations, adverse impact on credit rating, or emotional damages, or the recovery of any related expenses of litigation.

If the Ellers have stated a viable claim for inverse condemnation, or a claim for nuisance or trespass that rises to the level of a taking, then the County has waived sovereign immunity as to all these claims since "the Constitution provides for a waiver of sovereign immunity where a county creates a nuisance which amounts to an inverse condemnation." *Duffield v. DeKalb County*, 242 Ga. 432, 433 (1) (249 SE2d 235) (1978); see also *Stanfield*, supra, 280 Ga. at 786 (1) (trespass and nuisance claims are duplicative of inverse condemnation claims); *Orwig,* supra, 261 Ga. at 138 (1). Likewise, a related claim for litigation expenses is not barred. *Waters v. Glynn County*, 237 Ga. App. 438, 440 (3) (514 SE2d 680) (1999) (no separate statutory waiver of sovereign immunity is required to allow recovery of litigation expenses).

5

2. The County contends the trial court erred in denying its motion for summary judgment because the statute of limitations bars the Ellers' claim of inverse condemnation by a nuisance. We agree, and reverse the trial court's denial of the county's summary judgment motion because the Ellers did not establish a continuing nuisance.

Inverse condemnation claims based on trespass or nuisance are subject to a four-year statute of limitations. OCGA § 9-3-30 (a); *Benton v. Savannah Airport Comm.*, 241 Ga. App. 536, 539 (3) (525 SE2d 383) (1999). The classification of a nuisance as continuing or permanent "directly controls the manner in which the statute of limitations will be applied to the underlying claim." *City of Atlanta v. Kleber*, 285 Ga. 413, 416 (1) (677 SE2d 134) (2009); see also *Oglethorpe Power Corp. v. Forrister*, 289 Ga. 331, 333 (2) (711 SE2d 641) (2011).

> A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance, and against which the statute of limitations begins, from that time, to run. Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action

will lie. This action accrues at the time of such continuance, and against it the statute of limitations runs only from the time of such accrual.

(Citation omitted.) *Kleber*, supra, 285 Ga. at 416 (1); see also *Benton*, supra, 241 Ga. App. at 540 (4).

Landowners may show a continuing nuisance through evidence that an existing condition, such as a culvert or drainpipe, was improperly maintained. *Kleber*, supra, 285 Ga. at 417 (1); see also *Columbus v. Cielinski*, 319 Ga. App. 289, 292 (1) (734 SE2d 922) (2012) (homeowner's claim for continuing nuisance based on improper or negligent maintenance of drainage system not barred). To the extent, however, that landowners complain about the mere presence of a culvert or drain pipe "due to improper installation, their nuisance claim is permanent in nature." *Kleber*, supra, 285 Ga. at 416 (1).

Our review of the record reveals that neither the County nor anyone else has improperly performed any maintenance (or failed to perform any necessary maintenance) on the drain pipe. Adam Eller never observed anyone maintaining the drain pipes. Moreover, the County's public works director deposed that since the road was paved in 2001, the County has performed no maintenance on the pipe and or on Carter Road, except for sweeping. The City of Walthourville's public works

7

supervisor, who was responsible for maintaining the pipe, also deposed that from 2002 to 2010, there had been no maintenance required on the pipe on the Ellers' property.

Accordingly, even viewing the record in the light most favorable to the Ellers, there is no evidence to support a claim of improper maintenance of the drain pipe. Compare *Columbus*, supra, 319 Ga. App. at 292 (1) (plaintiff offered evidence of numerous complaints regarding city's maintenance of the drainage system). Accordingly, their nuisance claim is permanent in nature. *Kleber*, supra, 285 Ga. at 416-417 (1).

A claim for a permanent nuisance is not barred if "some new harm that was not previously observable occurred within the four years preceding the filing of their cause of action." *Oglethorpe Power*, supra, 289 Ga. at 336 (3). Although the Ellers argue that they did not personally observe the pipe until 2008 the issue is whether *some new harm* that was not previously observable *occurred* in the four years prior to October 2011, when the complaint was filed. *Oglethorpe*, supra, 289 Ga. at 336 (3). While the parties disagree as to whether the storm water runoff into the pond increased after the road was paved in 2001, the Ellers point to no evidence and we have found none showing any change in the run-off or discharge from the drain pipe

8

after it was installed in 2001. Accordingly, to the extent that the Ellers assert a claim for a permanent nuisance based on the installation of the drainage pipe in 2001, their claim is barred by the four-year statute of limitations. See *Kleber*, supra, at 417 (1).

3. The County also contends that it obtained an easement and the Ellers cannot show a nuisance rising to the level of a taking. Based on our conclusion above that the trial court erred in denying the County's motion for summary judgment based on the statute of limitations, we need not address these arguments.

In sum, all of the Ellers' claims are either barred by sovereign immunity or time-barred. Accordingly, the trial court's denial of the County's motion for summary judgment is reversed.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur*.

9