**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 17, 2021**

# In the Court of Appeals of Georgia

A21A0466. CITY OF ATLANTA v. CARLISLE et al.

PIPKIN, Judge.

Appellees Lola Carlisle and Tome Beisel (collectively "Homeowners") brought suit against the City of Atlanta (the "City") for trespass, nuisance, a "per se" taking, inverse condemnation, and attorney fees after they discovered underground sanitary sewer and storm water lines traversing their property. Both the Homeowners and the City filed motions for summary judgment. Following a hearing, the trial court granted partial summary judgment to the Homeowners on the issue of liability[1] and denied the City's motion. The City appeals, arguing among other things that the Homeowners' claims are time barred. We agree and reverse.

---

[1] The trial court reserved the amount of damages and attorney fees for determination by a jury.

The facts show that the Homeowners purchased the property, which is located at 1030 North Virginia Avenue in Atlanta, Georgia, in 1993. The Homeowners sought a permit from the City in 2014 so that they could undertake certain renovations and additions to the property. The City refused to issue a building permit unless the Homeowners signed an indemnity agreement as to the storm and sewer lines, which according to the Homeowners, would have, in effect, granted the City an easement and allowed the City to take any action necessary on the property to maintain the lines. The Homeowners hired a surveyor to confirm the existence of the lines; the surveyor's report, dated October 1, 2014, confirmed the existence of both the storm water line, which runs under one corner of the house located on the property, and the sanitary sewer line, which runs across the back or rear part of the property.[2]

The Homeowners filed their complaint on November 27, 2018, alleging that the City's placement and continued use of the storm and sewer lines constitutes a

---

[2] The evidence suggests that the sewer line was installed around 1914 by or on behalf of the City, and the City claims the right to operate and maintain the sewer line under a 1914 right of way document, which the City contends creates an easement. The circumstances concerning the placement of the storm water line are unknown but it is undisputed that the line was in existence at the time the Homeowners purchased the home in 1993 and that they were unaware of either the sewer or storm water lines when they purchased the property.

trespass and a nuisance amounting to a taking of the property; they also alleged that it amounted to a "per se" taking and inverse condemnation of the property for public works without just and adequate compensation. The City contends, among other things, that the Homeowners' claims are time barred, and that the trial court should have granted their motion for summary judgment on that basis.

Our law is clear that "[i]nverse condemnation claims based on trespass or nuisance are subject to a four-year statute of limitation. OCGA § 9-3-30 (a); *Benton v. Savannah Airport Comm.*, 241 Ga. App. 536, 539 (3) (525 SE2d 383) (1999)." *Liberty County v. Eller*, 327 Ga. App. 770, 772 (2) (761 SE2d 164) (2014). However, when the statute begins to run depends on the nature of the nuisance or trespass. As we explained in *Eller*, "[t]he classification of a nuisance as continuing or permanent directly controls the manner in which the statute of limitations will be applied to the underlying claim." Id. at 772 (2). *City of Atlanta v. Kleber*, 285 Ga. 413, 416 (1) (677 SE2d 134) (2009); see also *Oglethorpe Power Corp. v. Forrister*, 289 Ga. 331, 333 (2) (711 SE2d 641) (2011). In *Kleber*, our Supreme Court clarified how that classification should be made:

> A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by

3

which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance, and against which the statute of limitations begins, from that time, to run. Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie.

(Citation omitted.) *Kleber*, 285 Ga. at 416 (1).

Stated somewhat differently,

[i]f a nuisance is not abatable, it is considered permanent; if it can and should be abated, it is not permanent. If a nuisance is created by some substantial and relatively enduring feature of the plan of construction or from an essential method of operation of some infrastructure employed in necessary public service, then it will usually not be abatable by injunction.

(Citation and punctuation omitted.) *Stroud v. Hall County*, 339 Ga. App. 37, 42 (3) (793 SE2d 104) (2016). These considerations hold true for inverse condemnation claims based on trespass or nuisance such as those alleged here. *Eller*, 327 Ga. App. 772 (2).

Applying those principles here, it is clear that the trespass occurred and the nuisance was created when the sewer and storm lines were first installed on the

Homeowner's property. The damage or destruction alleged to have been caused by the installation of the lines was complete at that time, and the installation is both a "substantial and relatively enduring feature of the plan of construction" and "an essential method of operation of some infrastructure employed in necessary public service"such that it would not be considered abatable. The lines were already in place when the Homeowners purchased their property in 1993, and although they were unaware of the existence of the lines at that time, it is undisputed that they became aware of the lines no later than October 1, 2014, which was more than four years before they filed their complaint. Accordingly, these claims were barred by the four year statute of limitation set out in OCGA § 9-3-30.

Citing *DeKalb County v. Daniels*, 174 Ga. App. 319 (329 SE2d 620) (1985) and *Gordy Constr. Co. v. KHM Dev. Co.*, 128 Ga. App. 648 (197 SE2d 426) (1973), the Homeowners argue that where, as here, property has been taken and appropriated for public purposes without authorization[3] and without compensation having been

---

[3] The City attempted to show that they acquired an easement in 1914 at the time the sanitary sewer line was installed and that an unidentified entity or person installed the storm water line. The Homeowners dispute the existence of the easement and maintain that the City uses both lines. However, these questions need not be resolved in light of our holding in this case.

paid, their "claims remain viable until such time as the offending lines are either removed or just and adequate compensation is paid." However, both *Gordy* and *Daniels* were premised on the finding that a "continuous trespass" had been created by the defendant's actions. See *Gordy*, 128 Ga. App. at 652 (4) (holding that claims were not time barred because "pleadings and evidence here show a continuous trespass"); *Daniels*, 174 Ga. App. at 320 (3) (quoting Gordy). Pretermitting whether those cases properly classified the trespass as such, the test for making that classification has now been clarified by our Supreme Court in *Kleber*, and, as stated above, the trespass and nuisance alleged in this case are properly classified as permanent and nonabatable. Further, contrary to the Homeowner's assertion, a claim for inverse condemnation brought under the eminent domain provisions of the Georgia Constitution seeking payment of compensation for the taking or damaging of private property for public works is subject to the four year statute of limitation set out in OCGA § 9-3-30. See *Adams v. Georgia Power Co.*, 299 Ga. App. 399, 401-402 (2) (782 SE2d 650) (2009); *Robinson v. Dept. of Transp.*, 195 Ga. App. 594, 594 (394 SE2d 590) (1990) ("Where property has been taken or damaged for public purposes by public authorities or a quasi-public corporation, the party injured, being entitled under the constitution to just and adequate compensation, may bring one action

6

therefor, within the time required by [OCGA § 9-3-30].") (citation and punctuation omitted). An inverse condemnation action under this theory "accrued immediately upon the installation of the public works involved[.]" *Mitchell v. City of Atlanta*, 217 Ga. 202, 203 (1) (121 SE2d 764) (1961). *Robinson*, 195 Ga. App. at 594 (same). While the precise date of the installation of the sewer and storm lines is somewhat uncertain, we need not resolve that uncertainty; there is no question that both lines were in existence at the time the Homeowners purchased the property in 1993, and, as stated above, the Homeowners were aware of the lines no later than October 1, 2014, more than four years before their complaint was filed. Accordingly, the Homeowners' claims were time barred, and the trial court's order granting summary judgment to the Homeowners and denying summary judgment to the City must be reversed. See *Adams*, 299 Ga. App. at 401-402 (2).

*Judgment reversed. Miller, P. J., and Hodges, J., concur*.